88 So.2d 751 (1956)
WAGS TRANSPORTATION SYSTEM, INC., A CORPORATION, ET AL., PETITIONERS,
v.
CITY OF MIAMI BEACH, ETC., RESPONDENT.
Supreme Court of Florida, Special Division A.
July 3, 1956.
Warren, Klein & Moore and Sibley & Davis, Miami Beach, for petitioners.
Ben Shepard, Miami, for City of Miami Beach.
Shutts, Bowen, Simmons, Prevatt & Julian, Miami, for Preston G. Prevatt, Tedland Realty Corp., Gilda Dahlberg and Polly Lux.
PER CURIAM.
The entitlement to this petition involves the consolidation of four causes in which final decrees were entered enjoining the city from enforcing zoning restrictions upon the property described in three of them, so that it could be used only for the construction of hotels. Petitioners moved to intervene for the purpose of taking an *752 appeal from the final decree. The petition for leave to intervene alleges that petitioners are within the same zoning district as the property described in the complaints in the consolidated causes, that the decree destroys the value of their property because petitioners have homes on said property which they use for residential purposes, therefore the decree of the lower court breaking these zoning restrictions and commercializing the district renders their property less suitable for residential purposes. Petitioners' property was purchased on the strength of the zoning ordinance and in reliance upon the fact that all property within the zoning district would be maintained as residential property. Other grounds to support intervention were alleged but the petition to intervene was denied. We are confronted with an appeal by certiorari from that order.
The only point for determination is whether or not the trial court committed error in denying the petition to intervene.
We are conscious of the general rule that it is too late to apply for intervention after final decree has been entered, though "there are cases where in the interest of justice leave to intervene has been granted after final decree." People's Bank of Jacksonville v. Virginia Bridge and Iron Co., 94 Fla. 474, 113 So. 680, 682; Riviera Club v. Belle Mead Development Corp., 141 Fla. 538, 194 So. 783. See also section 63.09, F.S. 1941, repealed in 1951 and succeeded by Rule 3.4, Rules of Civil Procedure, 31 F.S.A.
We think the petition to intervene showed such an interest in the res that the ends of justice require that it be granted. It was clearly within the exception to the general rule. Nothing is more sacred to one than his home and the petitioners should have been permitted to come in and bring their rights in this to the attention of the court. We do not overlook the fact that intervention is in subordination to and in recognition of the main proceeding. No new issues can be injected but none were attempted in this case. The home often has intrinsic and other values that no one knows of but the owner. In a case where it is sought to turn these values into other channels, it would be contrary to every element of due process to hold that the owner should not be permitted to intervene and bring or help bring these factors to the attention of the court.
The petition for certiorari is granted and that part of the order refusing to permit petitioners to intervene is quashed with directions to enter an amended order permitting them to intervene. If the appeal has been taken, petitioners' names may be entered as parties appellant in this court and offer such defense as they may have to offer. It should not be in duplication of defenses presented in the main appeal.
It is so ordered.
TERRELL, Acting Chief Justice, and HOBSON, THORNAL and BUFORD, JJ., concur.