219 So.2d 435 (1969)
Fred O. DICKINSON, Jr., As Comptroller of the State of Florida, Appellant,
v.
William SEGAL et al., Appellees.
No. 37547.
Supreme Court of Florida.
February 19, 1969.
Rehearing Denied March 17, 1969.
Earl Faircloth, Atty. Gen., and Larry Levy, Asst. Atty. Gen., for appellant.
Thomas C. Britton, County Atty., and John G. Fletcher, Asst. County Atty., for appellees.
DREW, Justice.
The question here is whether the trial court may permit a stranger to the record in that court to intervene "for purposes of appeal" after the entry of the final decree.
William Segal and his wife filed a mandamus proceeding against the tax assessor of Dade County to compel the assessor to comply with the provisions of F.S. Section 193.271, F.S.A.[1] Return was filed by the tax assessor alleging, among other things, *436 that such act was unconstitutional. On application for peremptory writ the trial court entered a final judgment holding that F.S. Section 193.271, F.S.A., was "unconstitutional, null and void," denying the peremptory writ and dissolving the previously issued alternative writ. It is pertinent here to note that this final judgment was entered April 15th, 1968. Such judgment terminated the proceedings in the trial court.
On May 21, 1968 (the time for post trial motions having long since expired), a petition was filed in the cause by the Comptroller  a complete stranger to the record  "to intervene for the purposes of appeal." On June 14th the trial court entered its order granting such petition to intervene.[2] Appeal was filed the same day by the Comptroller. The basic error urged by the Comptroller  and the only error argued  is the trial court's conclusion that F.S. Section 193.271, F.S.A., was unconstitutional.
The question of the propriety of this appeal has been raised by this Court of its own motion. The question has been orally argued by the attorney for the Comptroller and the Tax Assessor. The original petitioners, the Segals, have neither filed briefs nor appeared in such oral argument. They have not joined in the appeal nor questioned the correctness of the decree below.[3]
The trial court has the power to allow interventions in "pending litigation."[4] This means litigation pending before the trial court. The effect of the order, allowing intervention "for the purpose of appeal" is obviously an order allowing a stranger to the record below to participate not in proceedings there, but in proceedings here. With the one exception hereafter discussed, we have been cited no authority for this and our own investigation reveals none; on the contrary, the general rule  universally  is that intervention may not be allowed after final judgment.[5] With one exception, *437 which we will later discuss, this has consistently been the view in this jurisdiction.[6]
Moreover, this Court has consistently refused to allow intervention in appeals here by strangers to the record. In Lee v. Beck[7] the Court specifically rejected such a petition, observing "that petitioner herein has never become a party to, nor bound by,[8] the decree appealed from in this particular case wherein he seeks leave to intervene."
The exception to the general rule that intervention may not be allowed after entry of final judgment is stated in American Jurisprudence: "There are cases where, in the interests of justice, leave to intervene will be granted after final decree when to do so would in no wise injuriously affect the original litigants."[9] In Wags Transportation System v. City of Miami Beach[10] this language was used and the Peoples Bank Case cited in support of an order allowing intervention "for the purpose of taking an appeal." In that case the petition was filed by several owners of property zoned as residential to question a decree changing the zoning of adjacent or nearby properties for hotel purposes thereby resulting in irreparable injury to them. This Court there recognized the general rule but applied the exception "in the interests of *438 justice" and permitted intervention observing:
"We think the petition to intervene showed such an interest in the res that the ends of justice require that it be granted. It was clearly within the exception to the general rule. Nothing is more sacred to one than his home and the petitioners should have been permitted to come in and bring their rights in this to the attention of the court. We do not overlook the fact that intervention is in subordination to and in recognition of the main proceeding. No new issues can be injected but none were attempted in this case. The home often has intrinsic and other values that no one knows of but the owner. In a case where it is sought to turn these values into other channels, it would be contrary to every element of due process to hold that the owner should not be permitted to intervene and bring or help bring these factors to the attention of the court."
While it would have been the better procedure in the above case for the property owner to have intervened during the proceedings in the trial court,[11] we, by virtue of the authority of that case, recognize this exception but decline to extend it beyond the facts involved there.
Even if we were inclined to recognize an exception in this case, we would be immediately confronted with the rule that an appeal may be prosecuted only by one "aggrieved" by the decree.
"The interest which will sustain a right to appeal must generally be substantial, immediate and pecuniary  a future, contingent or merely speculative interest is ordinarily not sufficient."[12]
"* * * Appeals are ordinarily not for the purpose of settling abstract questions, however interesting or important to the public generally but only to correct errors injuriously affecting the appellant."[13]
This opinion has been extended somewhat beyond that which would have been ordinarily required because of the assertion that a question of public interest was involved. The question is an important one, but our authority must be exercised in accordance with rules of procedure designed to promote the orderly administration of justice. Adherence to these precepts are essential if we are to avoid being mired in a Serbonian Bog of exceptions  "in the interest of justice." Adherence to rules of procedure are as essential in the administration of justice as they are in football or other sports. It was said many years ago by a justice of this Court: "* * * scientific administration of justice can never be accomplished in disregard of rules of procedure which have for their purpose a clear and definite presentation of an issue of law or fact. `Justice,' as the term is understood and applied in the courts to the transaction of business among men is governed by rules of conduct and legal procedure to which those who seek it must conform * * *."[14]
The appeal is dismissed.
ERVIN, C.J., and THORNAL and BOYD, JJ., concur.
ROBERTS, J., dissents.
NOTES
[1] This statute authorizes a property owner to challenge the assessed value of his real estate and prescribes the procedure for doing so. In substance, it provides that a property owner, dissatisfied with the assessed value fixed by the tax assessor, may file a certificate with the tax assessor stating the amount he ascertains to be a just valuation and authorizing the tax assessor to sell said lands at public sale, for not less than said amount. If such sale fails to produce a purchaser, the value ascertained by the landowner shall be the valuation entered on the tax rolls of the county. The Act contains elaborate provisions for delivery of title, etc., in the event there is a bid for more than the value fixed by the landowner. This Act is generally referred to as the Pope Act because of its sponsorship by Senator Verle Pope.
[2] Pertinent portions of this order are: "This cause coming on this date to be heard on petition of FRED O. DICKINSON, JR., as Comptroller of the State of Florida, for leave to intervene in this cause for the sole purpose of taking an appeal herein, and counsel for both Petitioners and Respondent having been heard, the Court finds from the record that the Comptroller was not made a party to this suit by service upon or notice to the said Comptroller, and finds further that there is imposed upon the Comptroller the duty, insofar as is possible, to see to the uniformity of ad valorem taxation throughout the State of Florida, and, consequently, now has standing before this Court to intervene for the purpose of taking an appeal from the final decree of this Court heretofore entered herein on April 15, 1968, to the end that the Supreme Court of the State may have an opportunity to review the identified order. Uniformity of taxation throughout the state is not only a desirable condition, but constitutionally mandated not only to all tax assessors, but also the Comptroller as well. It is, therefore, ordered, adjudged and decreed that: (1) FRED O. DICKINSON, JR., as Comptroller of the State of Florida shall be and he is now permitted to intervene in this cause and at this stage of the proceedings for the purpose of taking an appeal from the order of this Court dated April 15, 1968, holding F.S. Section 193.271, F.S.A. unconstitutional, null and void. Intervenor shall not assert new or additional matters not heretofore presented to this Court. * * *"
[3] It is elemental in this case that only the Segals  the losing parties  could have appealed. F.A.R. 3.11, 32 F.S.A. They were the only parties aggrieved by the final judgment. The Comptroller was clearly not a necessary party to the proceeding in the trial court and, in the unlikely event he was named a party in the lower court, and had he taken the same position there as he does in the purported appeal, he would have been on the side of the taxpayer and opposed to the views of the County Assessor over whom, he says, he has supervision under section 192.31, F.S.A.
[4] Fla.Rules of Civil Procedure, Rule 1.230, 30 F.S.A. "Anyone claiming an interest in pending litigation may at any time be permitted to assert his right by intervention, but the intervention shall be in subordination to, and in recognition of, the propriety of the main proceeding, unless otherwise ordered by the court in its discretion."
[5] 39 Am.Jur., Parties § 71, p. 943. "Ordinarily, by the terms of the statutes conferring the right of intervention, that right must be exercised during the pendency of proceedings, and aside from any such restriction, the general rule is that after litigation has progressed to final judgment or decree it is too late for third persons to be allowed to intervene as parties to the litigation. Ordinarily, intervention is not allowed after a final judgment or decree has been entered, or when an appeal therefrom is pending. * * *"
[6] "* * * It seems to be well settled that after litigation has resulted in final judgment * * * it is too late for third persons to be allowed to intervene as parties to such litigation. * * *" Smith v. Elliott, 56 Fla. 849, 853, 47 So. 387, 388. "The opinion in the case of Smith v. Elliott et al., 56 Fla. 849, 47 So. 387, sustains the proposition that intervention * * * by strangers to the record will not be allowed after final decree." Ebersbach Construction Co. v. Charles Ringling Company et al., 100 Fla. 1270, 1274, 131 So. 148, 150." * * * While it is true that Section 9, supra, grants authority to the court to make orders allowing intervention on the application of interested parties, the intervention shall be in subordination to and in recognition of the propriety of the main proceeding and said order of intervention as contemplated must be made and entered during the progress of the case. It was not intended that a Chancellor in the exercise of discretion granted by Section 9, supra, should permit or allow intervention after the entry of a final decree. See Daugherty v. Latham, 139 Fla. 477, 190 So. 742; Ebersbach Const. Co. v. Charles Ringling Co., 100 Fla. 1270, 131 So. 148; Peoples Bank v. Virginia Bridge & Iron Co., 94 Fla. 474, 113 So. 680; Smith v. Elliott, 56 Fla. 849, 47 So. 387. In the case of Switow v. Sher, 136 Fla. 284, 186 So. 519, 524, this Court again considered Section 9 of the 1931 Chancery Act and held that the discretion conferred must be exercised by the court `at any time during the progress of the case.' It is fundamental that the progress of the case in the lower court ends when the final decree is entered." First National Bank of Tampa et al. v. Culbreath et al., 144 Fla. 526, 530, 198 So. 199, 201. Also see Peoples Bank of Jacksonville v. Va. Bridge & Iron Co. et al., 94 Fla. 474, 113 So. 680.
[7] 120 Fla. 466, 162 So. 870.
[8] The final judgment of the lower court in the present case clearly does not bind the Comptroller. The question determined may be litigated by the Comptroller in any appropriate proceeding.
[9] Cited as authority for this statement is Peoples Bank of Jacksonville v. Virginia Bridge & Iron Works etc., 94 Fla. 474, 113 So. 680. This intervention, however, was to intervene in the trial proceedings in order to relitigate certain matters previously decided. The trial court denied the petition but modified its previously entered final decree in material respects. On appeal by the intervenor the decree was affirmed. This case is quoted in footnote 6, [supra], as supporting the general rule.
[10] 88 So.2d 751.
[11] A similar suggestion was made in Peoples Bank v. Virginia Bridge, [supra], note 9.
[12] 4 Am.Jur., Appeal & Error § 180, p. 689.
[13] 4 Am.Jur., Appeal & Error § 182, p. 691.
[14] Sikes v. Dade Lumber Co., 98 Fla. 451, 123 So. 918.