SWANN, Judge.
A final judgment was signed by the trial judge on February 20, 1970, in a suit in which Alvin S. Sherman was not a party. The final judgment was filed on February 23, 1970, and recorded on February 24, 1970.
On February 24, 1970, Sherman filed a “motion for leave to intervene” as a party defendant in the suit. The motion was denied by the trial judge and he has filed an interlocutory appeal and a petition for writ of certiorari to the order of denial.
We have consolidated those matters and have determined to treat this as an interlocutory appeal from an order entered in a civil action after final judgment. Rule 4.2(a), F.A.R., 32 F.S.A., and Fort v. Fort, Fla.App.1958, 104 So.2d 69.
Appellees have filed, in this interlocutory appeal, a motion to strike portions of the record and brief filed herein by Sherman. They assert that those portions of the record and brief allude to certain pleadings and a writ involved in a separate cer-tiorari proceeding filed by Sherman in another division of the Circuit Court of Dade County, Florida and those pleadings were not a part of the evidence or records before the trial judge in this cause. A certificate of the Clerk of the Circuit Court is attached which certifies that those pleadings were not a part of the record in this action. A trial judge may not take judicial notice of such records. Kostecos v. Johnson, Fla.1956, 85 So.2d 594; and Novack v. Novack, Fla.App.1967, 196 So.2d 499. The motion to strike is granted. See Kelley v. Kelley, Fla.1954, 75 So.2d 191; and Sheldon v. Tiernan, Fla.App.1962, 147 So.2d 593.
Sherman says his motion to intervene should have been allowed under Wags Transportation System Inc. v. City of Miami Beach, Fla.1956, 88 So.2d 751. Appellee says it was properly denied under the authority of Dickinson v. Segal, Fla.1969, 219 So.2d 435.
A review of the record and the motion for leave to intervene reveals insufficient allegations to bring this motion under the authority of Wags, supra. It is, therefore, controlled by Dickinson, supra, and we hold that the trial judge did not abuse his discretion in denying the motion for leave to intervene. See Wogisch v. Tiger, Fla.App. 1966, 193 So.2d 187.
Affirmed.