WIGGINTON, Judge.
Defendant husband has appealed a final judgment of divorce dissolving the bonds of matrimony between him and his plaintiff wife. Appellant’s point on appeal challenges the correctness of that provision of the final judgment which finds that he perpetrated a fraud on his wife when he induced her to make an investment in a corporation primarily owned and controlled by him some U/z years prior to their marriage, and further defrauded her by the manner in which he conducted the affairs of the corporation during the brief 17 days they lived together as husband and wife following their marriage. As a result of such finding, the trial court ordered appellant to repurchase from appellee the 10,000 shares of stock which he sold to her in his corporation and repay to her the amount of her investment on or before August 3, 1972.
It is appellant’s contention that the trial court abused its discretion and exceeded its lawful authority in requiring him to repurchase from his wife stock sold by him to her in his corporation at a point in time some 1Yz years prior to their marriage. With this contention we are unable to agree. It is our view that in the inter *768 est of justice the court acted within the discretionary ambit of its judicial power, and its action does not constitute such an abuse as to require a reversal of the judgment.[1]
Appellant also complains that the conclusion reached by the trial court with regard to his alleged acts of fraud was based upon testimony adduced in a separate maintenance action brought by appel-lee against him in a separate suit filed earlier but which was later abandoned. Appellant correctly points out that such testimony was not offered into evidence at the hearing before the court in the case sub judice and, therefore, the court erred in taking judicial notice of such testimony in arriving at the conclusions expressed in the judgment appealed.
While the legal postulate advanced by appellant is correct as a matter of law,[2] it is one which he is precluded from urging on this appeal. This is so for the reason that the court’s error in erroneously taking judicial notice of testimony appearing in the files of another case not made a part of the record herein was not assigned as error nor made a point on appeal in appellant’s brief. Errors not assigned [3] or made a point on appeal in the party’s brief [4] and rasied for the first time on appeal[5] are considered waived.
The judgment appealed is affirmed.
S'PE'CTOR, C. J., and JOHNSON, J., concur.

. Turk v. Turk (Fla.App.1960), 118 So. 2d 67.

. Sherman, v. Herman (Fla.App.1970), 233 So.2d 138; In re Estate of Simpkins (Fla.App.1967), 195 So.2d 590.

. Williams v. Williams (Fla.App.1965), 172 So.2d 488; Fisher v. Maas Bros., Inc. (Fla.App.1963), 149 So.2d 910; Vaughn v. Smith (Fla.1957), 96 So.2d 143.

. Anderson v. Smith (Fla.App.1968), 215 So.2d 618.

. Cowart v. City of West Palm Beach (Fla.1971), 255 So.2d 673.