365 So.2d 429 (1978)
James A. WONG and Sandra Wong, Appellants,
v.
Karsten Bodo VON WERSEBE, Appellee.
No. 78-190.
District Court of Appeal of Florida, Third District.
December 19, 1978.
*430 Edward T. Joyce, Chicago, Ill.; William P. Cagney, III, Miami, for appellants.
Blackwell, Walker, Gray, Powers, Flick & Hoehl and James E. Tribble and George N. Jahn, Miami, for appellee.
Before HAVERFIELD, C.J., and BARKDULL, J., and CHARLES CARROLL (Ret.), Associate Judge.
PER CURIAM.
Appellants, James and Sandra Wong, seek review of an order denying their motion to intervene and to vacate peremptory writ of mandamus in an action to expunge from the public records copies of four restraining orders of the United States District Court for the Northern District of Illinois.
Petitioner-appellee, Karsten Bodo von Wersebe, owned certain real property located in Dade County conveyed to him by Select Builders of Florida, Inc. The Clerk of the Circuit Court had accepted for recording copies of four orders of the United States District Court for the Northern District of Illinois which had enjoined and restrained Select Builders and other named corporations from transferring or otherwise disposing of any assets located in the United States belonging to Select or to the other corporations. Karsten Bodo von Wersebe filed the instant petition for alternative writ of mandamus seeking to have these orders expunged from the public records of Dade County in that the orders had not been domesticated, registered or certified in Florida by any Florida court or by a United States Court having jurisdiction within Florida and, therefore, had been unlawfully recorded. On November 4, 1977 the court entered a peremptory writ of mandamus directing the Clerk to expunge these improperly recorded orders from the public records of Dade County. Thereafter, on December 6, 1977 James and Sandra Wong, appellants herein (and plaintiffs in the Illinois District Court action), moved to intervene as parties respondent and to vacate the peremptory writ and alleged that they had caused the subject restraining orders to be recorded and, thus, were the real parties in interest as opposed to the Clerk of the Circuit Court, the named respondent. At the initial hearing on their motion, the Wongs were granted the opportunity to file any necessary pleadings to support their contention for intervention and another hearing was scheduled for December 28. Meanwhile the peremptory writ of mandamus was stayed. After hearing additional argument on December 28, the trial court found that the Wongs failed to submit any proof or justification which would require the court to vacate the writ of mandamus. Thereupon, the court entered an order denying Wongs' motion to intervene and to vacate the peremptory writ of mandamus. The Wongs appeal therefrom. We affirm.
Though there are cases where in the interest of justice leave to intervene has been granted after final decree, the general rule is that it is too late to apply for intervention after a final decree has been entered. Wags Transportation System v. City of Miami Beach, 88 So.2d 751, 752 (Fla. 1956).
The Wongs in the case at bar moved to intervene 31 days after the court had entered the peremptory writ of mandamus and, therefore, their motion was untimely. The trial court correctly afforded them adequate opportunity to prove that in the interest of justice they should be allowed to intervene as parties respondent. Intervention involves the exercise of the *431 trial judge's discretion and in absence of an abuse of that discretion, his determination will not be disturbed. Wogisch v. Tiger, 193 So.2d 187 (Fla. 4th DCA 1966). From the record presented to this court, we find that the Wongs failed to demonstrate that the trial judge abused his discretion in denying their motion to intervene. See e.g. Leatherman v. Schwab, 98 Fla. 885, 124 So. 459 (1929) and Baskin v. State, ex rel. Tracy, 115 So. 392, 155 So. 655 (1934).
Affirmed.