393 So.2d 595 (1981)
MARYLAND CASUALTY COMPANY, a Maryland Corporation, and United States Fidelity and Guaranty Company, Appellants,
v.
HANSON DREDGING, INC., A Florida Corporation, Appellee.
WESTINGHOUSE CREDIT CORPORATION, Appellant,
v.
HANSON DREDGING, INC., a Florida Corporation, and Maryland Casualty Company, a Maryland Corporation, Appellees.
Nos. 79-1543, 79-1544.
District Court of Appeal of Florida, Fourth District.
January 21, 1981.
Rehearing Denied March 3, 1981.
James E. Foster of Fishback, Davis, Dominick & Bennett, Orlando, for appellant-Westinghouse Credit Corporation.
Wynne M. Casteel, Jr., of Cabot, Wenkstern & Casteel, Fort Lauderdale, for appellee-Hanson Dredging, Inc.
*596 Paul R. Regensdorf of Fleming, O'Bryan & Fleming, Fort Lauderdale, for appellee/appellant-Maryland Casualty Company and appellant-United States Fidelity and Guaranty Company.
HERSEY, Judge.
Hanson Dredging, Inc. purchased a bulldozer which ultimately was financed by Appellant, Westinghouse Credit Corporation, the latter acquiring a security interest in the chattel. The equipment was stolen and Appellee, Hanson, filed suit against its insurer, Maryland Casualty Company, another appellant here, to recover for the loss. Westinghouse was not a party to the action. Judgment was entered against Maryland Casualty Company and in favor of Hanson. On appeal, we affirmed that judgment. Maryland Casualty Co. v. Hanson Dredging, Inc., 367 So.2d 1141 (Fla. 4th DCA 1979). Maryland Casualty Company tendered a check in the appropriate amount in payment of the judgment rendered against it and in favor of appellee. Appellee rejected the tender as inappropriate because the tendered check was payable jointly to appellee and Appellant, Westinghouse, pursuant to a loss payable provision in the insurance policy. Appellee then filed a motion, which was granted by the trial court, to recover the amount of the judgment from United States Fidelity & Guaranty Company, the surety on the supersedeas bond which Maryland Casualty Company had filed in connection with its original appeal. Maryland Casualty Company then unsuccessfully attempted, by filing a motion for rehearing, to have the interest of Westinghouse included in the judgment.
At this point, Appellant, Westinghouse, moved to intervene to protect the interests which it claimed to have by virtue of the loss payable clause.
The trial court's refusal to determine Westinghouse's interest forms the basis for these consolidated appeals.
First, we conclude that the final judgment on the supersedeas bond correctly requires payment in accordance with the original final judgment, that is, to appellee only. A tender, to be effective, must be made to the proper person. 32 Fla.Jur., Tender §§ 4, 7 (1960 & Supp. 1980); 86 C.J.S. Tender § 39 (1954 & Supp. 1979). The check tendered to Hanson was worthless without the endorsement of Westinghouse. The judgment did not recognize any interest of Westinghouse. Therefore the tender was not sufficient to satisfy the terms of the judgment. It was nugatory. Thus, denial of the motion for rehearing was proper.
As to denial of the motion to intervene filed by Westinghouse, we begin our consideration with the following statement of law.
[I]ntervention involves an exercise of the chancellor's discretion and his determination will not be disturbed unless error is clearly made to appear. (Citations omitted.)
Wogisch v. Tiger, 193 So.2d 187 (Fla. 4th DCA 1966). With particular reference to attempts to intervene in the latter stages of litigation, the Supreme Court of Florida has adopted the almost universal rule that intervention will not be allowed after final judgment. Dickinson v. Segal, 219 So.2d 435 (Fla. 1969). The court referred to Wags Transportation System v. City of Miami Beach, 88 So.2d 751 (Fla. 1956), a case establishing an exception where intervention was "in the interests of justice," but declined "to extend it beyond the facts involved there." Dickinson v. Segal, supra at 438.
More recently the Third District Court of Appeal has applied the general rule and refused to extend the exception. Wong v. von Wersebe, 365 So.2d 429 (Fla. 3rd DCA 1978).
We are strongly inclined to the view that adherence to the rule rather than the exception will produce the best result in the great majority of cases.
The record before us does not demonstrate an abuse of discretion nor is it demonstrated that injustice will result from denial of the motion to intervene.
Appellant, Maryland Casualty Company, had ample opportunity at earlier stages of *597 the litigation to raise the issue of its possible liability to Appellant, Westinghouse, on the loss payable clause. It failed to do so. It could not then require appellee to accept a check in payment that did not comply with the final judgment. The argument that appellee will be unjustly enriched if this appellant is required to pay twice has some merit. For the reasons previously stated, however, this is not a sufficient basis for reversal, particularly where the unjust result postulated is due, at least in part, to appellant's own inaction.
Appellant, Westinghouse, had a security interest in the chattel and in the proceeds from the sale of the chattel. It now has a security interest in the insurance proceeds. Insurance Management Corporation v. Cable Services of Florida, Inc., 359 So.2d 572 (Fla. 2d DCA 1978). It also has a security interest in other chattels of appellee as well as a cause of action on the underlying promissory note or other evidence of indebtedness. Under these circumstances it cannot be said that the ends of justice require that we find an abuse of the trial court's discretion in denying the motion to intervene.
We therefore affirm.
AFFIRMED.
LETTS, C.J., and DOWNEY, J., concur.