MOORE, Judge.
A condominium developer, Regency Highland Associates, appeals from an order directing it to pay a damage award to the condominium association or, in the alternative, into the court registry. The condominium association cross-appeals a prior order denying its motion to intervene in the developer’s suit against the fence companies, Mario Auricchio Fence Division, Inc. and Fence Wholesalers of America, Inc.,[1] from which the developer recovered the above *789 mentioned damage award. We affirm the order denying the association’s motion to intervene and reverse the order directing payment of the damage award.
After the developer transferred control of the condominium to the association, it sued the fence company for breach of warranty. Final judgment was entered in favor of the developer for $6,282.70.
The fence company filed a “Motion for Protective Order/Motion for Clarification and Stay of Execution.” The motions expressed the fence company’s concern over its possible liability to the association. The motions sought a protective order against the taking of a deposition in aid of execution and a stay of execution until the real party in interest entitled to recovery against the fence company could be determined.
The association then filed a motion to intervene in the developer’s suit against the fence company pursuant to Florida Rule of Civil Procedure 1.230. The motion alleged that the developer had transferred control of the condominium to the association and, therefore, the association is the real party in interest entitled to recover the judgment entered against the fence company.
At the hearing on the motion for protective order, in response to the fence company’s concern about a separate suit against it by the association, the developer stipulated that it would use the money recovered from the fence company to repair the fence. The court then denied the fence company’s motion for protective order.
The developer executed a satisfaction of the judgment against the fence company. The trial court initially orally granted the association’s motion to intervene. The association then filed a motion to enforce the stipulation made by the developer in court that the proceeds of the judgment would be used to repair the fence. Upon rehearing of the motion to intervene, however, the trial court denied intervention. Nevertheless, the court then granted the association’s motion to enforce the stipulation. This appeal followed.
The trial court denied the association’s motion to intervene by applying the general rule against intervention after final judgment. Wags Transportation System v. City of Miami Beach, 88 So.2d 751 (Fla.1956); Dickinson v. Segal, 219 So.2d 435 (Fla.1969); Maryland Casualty Company v. Hanson Dredging, Inc., 393 So.2d 595 (Fla. 4th DCA 1981). On appeal, the association, however, asserts that the trial court abused its discretion by failing to apply an exception to this rule when intervention is in the interest of justice. See Wags Transportation System v. City of Miami Beach, supra. Wags Transportation System involved a motion by homeowners to intervene in a zoning ease after final judgment. The court found that the trial court erred in denying the homeowners’ motion to intervene. The Court held that the motion to intervene showed such an interest in the res that the ends of justice require that it be granted. The Florida Supreme Court in Dickinson v. Segal, supra, however, refused to extend the exception in Wags Transportation System beyond the facts of that case. Furthermore, this Court has strictly adhered to the general rule against intervention after final judgment. Maryland Casualty Company v. Hanson Dredging, Inc.
Applying the standards set forth in Maryland Casualty Company v. Hanson Dredging, Inc. for reviewing the trial court’s exercise of discretion in ruling on a motion to intervene after final judgment, we find that the record before us does not demonstrate an unjust result nor an abuse of discretion. Accordingly, we affirm the trial court’s denial of the association’s motion to intervene.
Given the trial court’s denial of the association’s motion to intervene, the trial court improperly granted relief to a non-party by granting the association’s motion to enforce the developer’s oral stipulation that the proceeds of the judgment would be used to repair the fence. Accordingly, we reverse the order directing the developer to pay the damage award to the association or, in the alternative, into the court registry.
*790 We note that this is a technical ruling only. We are not ruling on the availability of enforcement of the developer’s stipulation upon motion by the proper party.
Affirmed in part, reversed in part.
BERANEK and HERSEY, JJ., concur.

. Mario Auricchio Fence Division, Inc. is a wholly owned subsidiary of Fence Wholesaler’s of America, Inc. Final judgment was entered against Mario Auricchio Fence Division, Inc., hereinafter referred to as the “fence company.”