411 So.2d 343 (1982)
BOCA DEVELOPMENT ASSOCIATES, LTD., Appellant,
v.
HOLIDAY CITY CIVIC ASSOCIATION, INC., and Boca Grande Property Owners Association, Appellees.
No. 81-955.
District Court of Appeal of Florida, Fourth District.
March 24, 1982.
Rehearing Denied April 15, 1982.
Tracy R. Sharpe of Farish, Farish & Romani, West Palm Beach, for appellant.
John P. Kelly of Fleming, O'Bryan & Fleming, Fort Lauderdale, for appellee-Boca Grande Property Owners Ass'n, Inc.
Billie Tarnove, Lauderdale-By-The-Sea, for appellee-Holiday City Civic Ass'n, Inc.
OWEN, WILLIAM C., Jr., (Retired), Associate Judge.
Appellant seeks review of its motion for leave to intervene, filed after entry of final judgment. We affirm on the authority of Regency Highland Condominium Assoc., Inc., 405 So.2d 788 (Fla. 4th DCA 1981) and Maryland Casualty Company v. Hanson Dredging, Inc., 393 So.2d 595 (Fla. 4th DCA 1981). Apropos to our disposition of this appeal is the following statement in Maryland Casualty Company v. Hanson Dredging, Inc., supra, at page 596.

*344 As to denial of the motion to intervene filed by Westinghouse, we begin our consideration with the following statement of law.
[I]ntervention involves an exercise of the chancellor's discretion and his determination will not be disturbed unless error is clearly made to appear. (Citations omitted.)

Wogisch v. Tiger, 193 So.2d 187 (Fla. 4th DCA 1966). With particular reference to attempts to intervene in the latter stages of litigation, the Supreme Court of Florida has adopted the almost universal rule that intervention will not be allowed after final judgment. Dickinson v. Segal, 219 So.2d 435 (Fla. 1969). The court referred to Wags Transportation System v. City of Miami Beach, 88 So.2d 751 (Fla. 1956), a case establishing an exception where intervention was "in the interests of justice," but declined "to extend it beyond the facts involved there." Dickinson v. Segal, supra at 438.
More recently the Third District Court of Appeal has applied the general rule and refused to extend the exception. Wong v. von Wersebe, 365 So.2d 429 (Fla. 3rd DCA 1978).
We are strongly inclined to the view that adherence to the rule rather than the exception will produce the best result in the great majority of cases.
Our review of the record does not clearly demonstrate an abuse of discretion.
AFFIRMED.
HERSEY and GLICKSTEIN, JJ., concur.