432 So.2d 759 (1983)
IDACON, INC., a Foreign Corporation, Appellant,
v.
Arthur C. HAWES and Laura R. Hawes, Appellees.
No. AN-491.
District Court of Appeal of Florida, First District.
June 9, 1983.
*760 William C. Owen and W. Douglas Hall, of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, Tallahassee, for appellant.
Ronald A. Mowrey, Tallahassee, for appellees.
SHIVERS, Judge.
Idacon appeals an order of the trial court granting the motion of Wakulla County State Bank to intervene and set aside a final judgment in favor of Idacon. We find intervention to have been improper in the instant case. Accordingly, we reverse and remand.
Idacon conveyed certain real property in Wakulla County under a contract for deed to Mr. and Mrs. Hawes in January 1979. The Haweses promised to pay $21,710 in monthly installments and provided a mobile home as additional security. Idacon recorded the contract for deed and a financing statement describing the mobile home in the Wakulla County Records, but did not record its security interest in the mobile home with the Florida Department of Highway Safety and Motor Vehicles (DMV) as required by Chapter 319, Florida Statutes to perfect its security interest.
In October 1980, Mr. Hawes borrowed money from the Wakulla County State Bank. The bank intended that the mobile home would collateralize this loan, and the Haweses signed a notice of lien. The bank obtained physical custody of the title to the mobile home by satisfying another creditor who had a lien recorded on the title. No notice of the Idacon lien appeared on the face of the title since Idacon had not filed its lien with DMV. The bank, however, also did not file its lien with DMV. Instead, the notice of lien was placed in the bank's "pending file."
Subsequently, the Haweses defaulted on the Idacon contract, and in July 1981, Idacon instituted foreclosure proceedings in Wakulla County, simultaneously recording a notice of lis pendens on the real property and mobile home. Notices of default were filed against the Haweses, and the court entered summary final judgment in favor of Idacon on September 16, 1981. Pursuant to the judgment, the property, including the mobile home, was sold at a public sale on October 30, 1981. Idacon purchased the property at this sale for approximately the same amount of money as was owed on the Hawes contract. On November 11, 1981, a certificate of title describing the real property and the mobile home was issued by the clerk of court to Idacon.
*761 In October 1981, Hawes became past due on his loan at the bank, and the bank reviewed its file. At this time it was discovered that the notice of lien had not yet been filed with DMV. The bank ultimately sent its notice of lien to DMV, but it also arranged for Hawes to sell the mobile home to a party named Crum. Hawes purported to sell the mobile home to Crum on December 31, 1981, for $4,226.37, the exact amount which Hawes owed the bank. The bank then made a loan to Crum for this identical amount. Thus, according to the bank's records, Hawes' loan was satisfied and Crum was now the owner of the mobile home, subject to a lien in the bank's favor to secure the loan to Crum.
On January 8, 1982, Idacon filed a motion for writ of possession and requested the court to order that Hawes be removed from possession of the property. On February 5, 1982, the bank, having learned of the Idacon judgment and title transfer, filed a motion to intervene and set aside the final judgment in favor of Idacon. Idacon filed a motion for order directing issuance of writ of possession and cancelling lien of record. The trial court entered the order here appealed which grants the bank's motion to intervene and sets aside the final judgment in favor of Idacon.
Based on the foregoing facts, the parties have raised interesting questions concerning the relative priority of creditors with unperfected security interests in motor vehicles. We do not address these questions, however, because in our view the trial court erred in granting intervention after final judgment. It is without question that a trial court has the power to grant intervention in "pending litigation."[1] It is also true that this power lies within the sound discretion of the trial court and will not be disturbed absent a showing of abuse of discretion. In Interest of J.S., 404 So.2d 1144 (Fla. 5th DCA 1981), appeal dismissed, 412 So.2d 467 (Fla. 1982); Wong v. Wersebe, 365 So.2d 429 (Fla. 3d DCA 1978). After final judgment, however, the general rule is that intervention may not be allowed. Dickinson v. Segal, 219 So.2d 435 (Fla. 1969).
A narrow exception to this general rule was recognized in Wags Transportation System v. City of Miami Beach, 88 So.2d 751 (Fla. 1956). In Wags, the court noted that "there are cases where in the interest of justice leave to intervene has been granted after final decree." Id. at 752 (quoting from People's Bank of Jacksonville v. Virginia Bridge & Iron Co., 94 Fla. 474, 113 So. 680, 682 (1927)) (emphasis added). Wags involved a case where final decrees were entered enjoining the City of Miami Beach from enforcing zoning restrictions upon certain property. The intervenors alleged that the decree destroyed the value of their property where their residential homes were located. In opining that intervention was in the interest of justice in that case, the court in Wags stated, "nothing is more sacred to one than his home and the petitioners should have been permitted to come in and bring their rights in this to the attention of the court." 88 So.2d at 752.
In Dickinson, the court commented on the facts and holding of Wags and stated:
While it would have been the better procedure in the above case for the property owner to have intervened during the proceedings in the trial court, we, by virtue of the authority of that case, recognize this exception but decline to extend it beyond the facts involved there.
219 So.2d at 438 (footnote omitted).
Since Dickinson, Florida courts have recognized the breadth of the general rule and the narrowness of the exception. In Maryland Casualty Co. v. Hanson Dredging, Inc., 393 So.2d 595 (Fla. 4th DCA 1981), the court, in discussing the rule that intervention will not be allowed after final judgment, stated:
We are strongly inclined to the view that adherence to the rule rather than the exception will produce the best result in the great majority of cases.
Id. at 596. Accord, Regency Highland Associates v. Regency Highland Condominium *762 Association, Inc., 405 So.2d 788 (Fla. 4th DCA 1981); Boca Development Associates, Ltd. v. Holiday City Civic Association, Inc., 411 So.2d 343 (Fla. 4th DCA 1982).
In the instant case we find that the interests of justice do not require that a creditor with an unperfected security interest be allowed to intervene several months after final judgment and judicial sale.[2] Accordingly, we reverse and remand for further proceedings not inconsistent with this opinion.
REVERSED and REMANDED.
WENTWORTH and JOANOS, JJ., concur.
NOTES
[1] Fla.R.Civ.P. 1.230.
[2] We note that the interest sought to be asserted by the bank is a lien which arose, if at all, on December 31, 1981, three months after the final judgment of which the bank complains. Cf. Smith v. Elliot, 56 Fla. 849, 47 So. 387 (1908).