HERSEY, Judge.
We are asked to review an order permitting parties to intervene in litigation eight months after rendition of final judgment. We reverse.
In May 1981, Hollywood Estates Homeowners Association, Inc. (HEHA) filed a complaint against appellant De Anza. Following several motions by appellant a settlement stipulation was entered into by HEHA and appellant on December 31, 1981, and reduced to final judgment on April 27, 1982.
In pertinent part, the settlement stipulation provided that the residents of De Anza’s mobile home park designated HEHA as their agent for the purpose of entering into the stipulation, and that the designation of HEHA as agent was solely for the purpose of avoiding the necessity of obtaining signatures of the tenants. Additionally, the stipulation provided as follows:
5.) ....
(b) That commencing from the date of the execution of this stipulation, and for a period of thirty (30) days, but not to exceed January 30, 1982, Defendant will offer to each tenant a lease for a term of three (3) years commencing on January 1, 1982, said lease to be in the same form and containing all of the terms and conditions as found in the lease presently offered to such tenants by Defendant as same is attached hereto as Exhibit “B.” Plaintiff specifically recognizes that said lease provides for yearly increases in rent to be paid to Defendant in a percentage amount not in excess of the amount of the reported Consumer Price Index as released by the United States Department of Labor, and also including, among other things, utility and tax assessment pass throughs.
Beginning approximately eight months after the entry of final judgment, a varying number of individual tenants sought enforcement of the final judgment and settlement stipulation (specifically paragraph 5b). Additionally, the individual tenants petitioned the court for leave to intervene and filed a motion to stay the enforcement of new leases raising rents. Appellant admits that the individuals are bound by the stipulation, but takes the position that since the final judgment had already been rendered and thus there was no pending litigation, it was too late for the individual tenants to intervene. Furthermore, appellant claims that there was an unreasonable delay in proceeding to enforce the stipulation and thus the individual tenants are es-topped from now claiming non-performance. Appellee/intervenors argue that they are parties to the suit, although collectively through the HEHA rather than individually, and that in any event they should be permitted to intervene in the interest of justice.
The trial court granted the petitions to intervene and also stated
all parties of said Petitions shall hereinafter be known as substituted party plaintiffs in the above-styled cause of action.
In Regency Highland Assocs. v. Regency Highland Condominium Ass’n, 405 So.2d 788 (Fla. 4th DCA 1981), the developer of a condominium sued a fence company for breach of warranty after it had transferred control of the condominium to the condominium association. Judgment was entered in favor of the developer and the fence company filed a motion for protective order expressing its concern over its possible liability to the association as the real party in interest. Thereafter, the associa *464 tion filed a motion to intervene pursuant to Rule 1.230, Florida Rules of Civil Procedure, alleging that it was the real party in interest entitled to recover the judgment entered against the fence company. At a hearing, the developer stipulated that it would use the money recovered from the fence company to repair the fence and the court accordingly denied the fence company’s motion for protective order. The opinion of this court then summarized the applicable principles of law as follows:
The trial court denied the association’s motion to intervene by applying the general rule against intervention after final judgment. Wags Transportation System v. City of Miami Beach, 88 So.2d 751 (Fla.1956); Dickinson v. Segal, 219 So.2d 435 (Fla.1969); Maryland Casualty Company v. Hanson Dredging, Inc., 393 So.2d 595 (Fla. 4th DCA 1981). On appeal, the association, however, asserts that the trial court abused its discretion by failing to apply an exception to this rule when intervention is in the interest of justice. See Wags Transportation System v. City of Miami Beach, supra. Wags Transportation System involved a motion by homeowners to intervene in a zoning case after final judgment. The court found that the trial court erred in denying the homeowners’ motion to intervene. The Court held that the motion to intervene showed such an interest in the res that the ends of justice require that it be granted. The Florida Supreme Court in Dickinson v. Segal, supra, however, refused to extend the exception in Wags Transportation System beyond the facts of that case. Furthermore, this Court has strictly adhered to the general rule against intervention after final judgment. Maryland Casualty Company v. Hanson Dredging, Inc.
405 So.2d at 789.
In Boca Dev. Assocs. v. Holiday City Civic Ass’n, 411 So.2d 343 (Fla. 4th DCA 1982), we reiterated this position. In that case the appellant sought review of its motion for leave to intervene filed after entry of final judgment. Affirming on the authority of Regency Highland Assocs. v. Regency Highland Condominium Ass’n, 405 So.2d at 788, we stated:
With particular reference to attempts to intervene in the latter stages of litigation, the Supreme Court of Florida has adopted the almost universal rule that intervention will not be allowed after final judgment. Dickinson v. Segal, 219 So.2d 435 (Fla.1969). The court referred to Wags Transportation System v. City of Miami Beach, 88 So.2d 751 (Fla.1956), a case establishing an exception where intervention was “in the interests of justice,” but declined “to extend it beyond the facts involved there.” Dickinson v. Segal, supra at 438.
More recently the Third District Court of Appeal has applied the general rule and refused to extend the exception. Wong v. von Wersebe, 365 So.2d 429 (Fla. 3d DCA 1978).
We are strongly inclined to the view that adherence to the rule rather than the exception will produce the best result in the great majority of cases.
411 So.2d at 344 (quoting Maryland Casualty Co. v. Hanson Dredging, Inc., 393 So.2d 595, 596 (Fla. 4th DCA 1981)).
In Idacon, Inc. v. Hawes, 432 So.2d 759 (Fla. 1st DCA 1983), the court repeated the rule and exception set forth in the foregoing opinions of this court and summarized that “Florida courts have recognized the breadth of the general rule and the narrowness of the exception.” 432 So.2d at 761.
In reversing the order permitting intervention based upon the foregoing authorities we do not intend to preempt all forms of relief for appellees. They may seek to enforce the stipulation as third party beneficiaries or commence a stockholder derivative action or use other appropriate means to obtain the advantage of the stipulation in which they were the real parties in interest. We do not prejudge the issue of whether they sat on their rights too long.
REVERSED and REMANDED.
DOWNEY and WALDEN, JJ., concur.