DELL, Judge.
Eileen Lavalle f/k/a Eileen Murray appeals from an order and final judgment in proceedings resulting in the forfeiture of a 1981 Isuzu automobile.
Appellant allegedly loaned her Isuzu automobile one evening to her ex-husband, James J. Trombino. The police arrested Trombino that night and seized the car. Four days later appellant registered the car in her name (title was previously registered in Trombino’s name). On June 21, 1982, the State of Florida issued a certificate of title to appellant.
On June 24, 1982, the City of Pompano Beach began forfeiture proceedings. The City published notice of the proceedings, and sent notice by mail to James Trombino and the lien holder. The City did not send notice to appellant. No one appeared at the hearing to claim an interest in the car and the court granted a final order of forfeiture in favor of the City.
James Trombino subsequently filed a motion to set aside the final order of forfeiture. Upon agreement between counsel to set aside the order, the trial court reset the case for trial.[1]
At the calendar call on May 16, 1983, appellant filed a motion to intervene alleging that she purchased the car on March 20, 1982, and obtained an executed certificate of title on that date; that she did not receive notice of the forfeiture proceedings; and that she had possession of the car. The trial court denied her motion.
Appellant contends the trial court abused its discretion in refusing to permit her to intervene. She relies on Florida Rule of Civil Procedure 1.230 which provides that “[ajnyone claiming an interest in pending litigation may at any time be permitted to assert his right by intervention_” Appellant recognizes, however, that it is generally too late to intervene after entry of a decree, unless the interests of justice require it. Maryland Casualty Co. v. Hanson Dredging, Inc., 393 So.2d 595 (Fla. 4th DCA 1981); Wong v. Von Wersebe, 365 So.2d 429 (Fla. 3d DCA 1978).
The City argues that on the date of the seizure, record title listed James Trombino as owner of the vehicle. Thus the City contends that it properly sent notice of the forfeiture proceedings to the registered owner pursuant to Section 932.704(2), Florida Statutes (Supp.1982). We disagree.
Section 932.704(2) states that “the seizing agency shall be obligated only to make diligent search and inquiry as to the owner of the subject property .... ” Appellant registered the 1981 Isuzu and the state issued title in her name prior to the commencement of the forfeiture proceeding. Had the City checked the motor vehicle records immediately prior to filing the forfeiture proceeding it would have discovered registration of the vehicle in appellant’s name. Therefore, the City had at least constructive notice of appellant’s alleged interest in the automobile and with the exercise of reasonable care, could have had actual notice.
The trial court should have permitted appellant to intervene because the City failed to make a diligent inquiry as to the *1148 owner of the vehicle and failed to furnish appellant with notice as required by Section 932.704(2). Therefore, we reverse the order denying appellant’s motion for intervention and remand this cause for further proceedings consistent herewith.
REVERSED and REMANDED.
HURLEY and WALDEN, JJ., concur.

. However, the record does not indicate that the trial court ever entered a formal order setting aside the final order of forfeiture.