PER CURIAM.
The defendants below, S. Blake Stewart [Blake], Amy L. Larson [Amy], and Ascot Investments, Ltd. [Ascot], appeal from a final judgment entered in favor of the plaintiffs below, John Stewart H. [John] and B & L of KCB, Inc. [B & L], We reverse.
John contracted with Blake to acquire a marina. This transaction was documented by an agreement between John and Blake dated March 29, 1984 [hereinafter referred to as the “option agreement” or “option”]. The option agreement calls for John to purchase Ascot’s outstanding shares.[1] Ascot holds title to the property on which the marina is located. The option agreement permitted John to close the transaction within a three-year period. John also entered into an agreement with Amy to acquire B & L, the company which operates the marina.[2] As part of the purchase price, John executed a promissory note in favor of Amy.[3] Ascot (acting through Blake) and B & L (acting through John)[4] also entered into a business lease which permitted B & L to operate and lease the marina during the three-year option period.[5]
In the summer of 1986, disputes arose between the parties. Blake alleges that in October of 1986 he attempted to terminate the option asserting that John and B & L breached various provisions of the business lease. However, in February of 1987, John attempted to exercise the option to purchase the marina. On February 26, 1987, John filed this action and deposited funds due under the various agreements into the court’s registry.
The trial court held that John was entitled to specific performance of the option agreement, and therefore ordered Blake to, inter alia, cause the proper transfer of Ascot’s stocks to John. Additionally, the trial court granted John specific performance of the agreement between Amy and John, and therefore ordered Amy to, inter alia, cause the transfer of B & L’s stocks to John and to cancel the promissory note. The defendants below appeal.
Blake and Amy contend that several of the trial court’s findings of fact, which were relied upon in granting relief in favor *248 of the plaintiffs, are not supported by substantial competent evidence. We agree.
A trial court’s findings of fact are presumed to be correct. However, if the findings of fact are not supported by substantial competent evidence, it is an appellate court’s duty to reverse. See Randy Int’l, Ltd. v. American Excess Corp., 501 So.2d 667, 670 (Fla. 3d DCA 1987); Hull v. Miami Shores Village, 435 So.2d 868, 871 (Fla. 3d DCA 1983).
The trial court found that John did not breach any of the provisions contained in the business lease, and therefore, Blake was not justified in terminating the option. Additionally, the trial court found that even if John had breached provisions of the business lease, Blake and Ascot waived this contention by continuing to receive and retain monies which were due to them under the option agreement. These findings of fact are not supported by substantial competent evidence. See Randy Int’l, 501 So.2d at 670; Hull, 435 So.2d at 868. The evidence clearly demonstrates that John breached several provisions of the business lease,[6] and that John continued to send payments even though Blake terminated the option and that Blake returned all payments at the earliest opportunity.
The trial court also found that the amount tendered to Amy to pay off the promissory note was sufficient and that the tender itself was valid. The trial court’s findings, however, are not supported by substantial competent evidence. The evidence reveals that the check to pay off the existing promissory loan was not tendered to the appropriate person.[7] See Maryland Casualty Co. v. Hanson Dredging, Inc., 393 So.2d 595, 596 (Fla. 4th DCA 1981) (for a tender to be effective, it must be made to the proper person).
Thus, the trial court erred in entering an order in favor of the plaintiffs.[8] Accordingly, the trial court’s order is reversed and this cause is remanded.
Reversed and remanded.

. Blake is the owner of Ascot’s outstanding shares.

. Amy is the owner of B & L’s outstanding shares.

. The option agreement required that upon exercising the option, John had to submit an affidavit stating that all payments in connection with the purchase of B & L were made.

. B & L’s stocks were transferred to John; however, the stocks were to be held in trust until all financial obligations under the promissory note executed by John in favor of Amy were fulfilled.

. The option agreement states that exercise of the option is conditioned upon the performance of all conditions contained in the business lease.

. For example, John admitted that he breached the business lease by subleasing portions of the marina without approval and by failing to maintain the required insurance.

. The promissory note between John and Amy provided that, payments were to be mailed to Amy in care of Robert Appleton, Esquire. Mr. Appleton passed away and Amy advised that she would be representing herself. As a result, all tenders should have been sent directly to Amy. There was one tender which was made directly to Amy, however, that tender was conditional, and therefore not valid.

.Based on our conclusion of this issue, we do not need to address the defendants' remaining meritorious contentions.