PER CURIAM.
We affirm the trial court’s order that denied Steve Weis Realty, Inc., the opportunity to intervene in a foreclosure action.
The Citizens & Southern National Bank filed the foreclosure action against Dixie Forty, Inc., in August 1991. The action was initially stayed by a bankruptcy proceeding. Steve Weis Realty is a minority stockholder of Dixie Forty. It sought to intervene to defend Dixie Forty on April 3, 1992. Its motion to intervene was filed after the bankruptcy court lifted its stay on March 3, 1992, after the trial court entered a default on March 13, 1992, and after a default final judgment was entered on *275 March 26, 1992. Steve Weis Realty had been represented at the bankruptcy hearing when the stay was lifted. Under these circumstances, the trial court did not abuse its discretion by denying intervention. See Union Central Life Ins. Co. v. Carlisle, 593 So.2d 505 (Fla.1992); Dickinson v. Segal, 219 So.2d 435 (Fla.1969).
Before the default judgment in this cause was entered, Steve Weis Realty filed a separate action against the bank and several principals of Dixie Forty, alleging many theories, including fraud and conspiracy. We express no opinion as to what estoppel effect, if any, the default foreclosure judgment may have in the separate action.
Affirmed.
HALL, A.C.J., and ALTENBERND and BLUE, JJ., concur.