943 So.2d 208 (2006)
Nancy Canard BURT, Appellant,
v.
Robert E. BUCHMAN and Brenda Buchman, Intervenor, Appellees.
No. 3D05-1103.
District Court of Appeal of Florida, Third District.
October 25, 2006.
Rehearing Denied December 21, 2006.
Daniels, Kashtan, Downs, Robertson & Magathan and Madelyn Simon Lozano, Coral Gables; Adorno & Yoss and Jack R. Reiter, Miami, for appellant.
Karen A. Gievers, Tallahassee; Michael A. Nuzzo; David B. Pakula, Pembroke Pines, for appellees.
Before FLETCHER and SHEPHERD, JJ., and SCHWARTZ, Senior Judge.
FLETCHER, Judge.
Nancy Canard Burt appeals a post-judgment order granting Brenda Buchman's motion to intervene to assert homestead rights in real property. We reverse.
In 1978, Robert Buchman purchased a house, took title in his own name and financed the purchase with a mortgage. In 1988, Nancy Burt and Robert Buchman entered into a partnership agreement in which Robert Buchman gave Nancy Burt a one-third interest in Minit Print, a small business that Robert Buchman had solely owned since 1968. In 1989, Nancy Burt left the business.
With the profits from the Minit Print business, Robert Buchman made house payments and other personal expenses. Between 1990 and 1991 Robert Buchman continued to pay Nancy Burt various amounts from the business, and gave her an automobile toward her one-third share of the eventual sale of the business. In 1994, Robert Buchman married Brenda Buchman.
In 1999, Robert Buchman sold Minit Print for $100,000. In 2000, Nancy Burt sued Robert Buchman for his alleged failure to distribute properly her share of the net sale proceeds. Among other demands she sought the imposition of a constructive *209 trust on the house in favor of Minit Print and to declare the house a partnership asset. The cause went to arbitration and the arbitrator determined that the house was an asset of Minit Print. The trial court entered its order affirming the arbitrator's findings.[1]
Soon after final judgment was entered, Robert Buchman executed and recorded a quitclaim deed to the house to himself and to his wife Brenda as tenants by the entirety. He also recorded a designation of the house as homestead property. The trial court, on Burt's motion, entered an enforcement order which vested title of the house in Minit Print and canceled the post-judgment quitclaim deed as a fraudulent conveyance. The order also denied Robert Buchman's homestead claim based on the prior order finding the property to be a Minit Print asset.
More than two years after final judgment was rendered, Robert's wife filed a motion to intervene for the purpose of bringing a Florida Rule of Civil Procedure 1.540 motion in order to assert that she had an interest in the house. This she argued, made her an indispensable party who should have been joined with Robert Buchman as a defendant. The trial court agreed and granted Brenda Buchman's motion to intervene.
We find that Brenda Buchman's intervention request should have been denied. The general rule is that intervention may not be allowed after the final judgment has been entered. Dickinson v. Segal, 219 So.2d 435 (Fla.1969); Wags Transp. Sys., Inc. v. City of Miami Beach, 88 So.2d 751 (Fla.1956). The only exception to the bar on post-judgment intervention is where the interest of justice requires it. Dickinson; Wags. Here the interests of justice have already been met by the arbitrator's determinations on the merits, the trial court's final judgment affirming those determinations, and our affirmance of the trial court. We thus reverse the trial court's grant of Brenda Buchman's motion to intervene and remand with instructions to deny her intervention motion.
Reversed.
NOTES
[1] This court affirmed the arbitration award (with an exception irrelevant here). Buchman v. Canard, 863 So.2d 487 (Fla. 3d DCA 2004).