[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-10582
Non-Argument Calendar

_____

D.C. Docket No. 4:12-cv-00501-RH-CAS

WILLIAM C. MANLEY,
An Individual,
MMM MANAGEMENT OF TALLAHASSEE INC.,
A Florida Corporation,

Plaintiffs - Appellants,

versus

CITY OF TALLAHASSEE, FLORIDA,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(August 7, 2013)

Before CARNES, Chief Judge, MARTIN, and FAY, Circuit Judges.

PER CURIAM:

William Manley[1] appeals the district court's order dismissing with prejudice his complaint against the City of Tallahassee for failure to state a claim upon which relief can be granted. Manley alleges that the city deprived him of his property interests in a parcel of real property without procedural due process when it granted a site plan amendment for a parcel located next to his. We review de novo a court's dismissal of a complaint for failure to state a claim, accepting the factual allegations in the complaint as true and construing them in the light most favorable to the plaintiff. Speaker v. United States Dept. of Health and Human Servs. Ctrs. for Disease Control and Prevention, 623 F.3d 1371, 1379 (11th Cir. 2010).

In 1981 Manley and Rib, Inc., Manley's neighboring landowner, agreed to share the use of a driveway and stormwater drainage system. In 2008 Rib decided to sell its parcel to Super-Suds Express No. 2, LLC and submitted a site plan amendment to allow Super-Suds to use the property for a car wash. Manley alleges that the site plan violates his agreement with Rib and unreasonably alters the drainage between the properties in violation of state law. The city approved the plan without giving Manley notice or an opportunity to be heard. Manley argues that the city's actions deprived him of his property interest without due process.

---

[1] As the district court noted, Manley assigned the rights at issue in this case to MMM Management of Tallahassee, Inc. at some point after filing his complaint. Because the assignment makes no difference in this case and for ease of understanding, we will follow the district court's lead and refer to the appellant as Manley.

"In assessing a claim based on an alleged denial of procedural due process a court must first decide whether the complaining party has been deprived of a constitutionally protected liberty or property interest.  Absent such a deprivation, there can be no denial of due process."  Econ. Dev. Corp. of Dade Cnty, Inc. v. Stierheim, 782 F.2d 952, 953–54 (11th Cir. 1986).  Manley cites several Florida cases establishing that rezoning procedures require giving all affected landowners notice and an opportunity to be heard.  See, e.g. Gulf & Eastern Development Corp. v. City of Fort Lauderdale, 354 So.2d 57, 59 (Fla. 1978).  Manley argues that he should be treated like a landowner who has been affected by the rezoning of a neighboring parcel.  See WAGS Transp'n Sys, Inc. v. Miami Beach, 88 So.2d 751, 752 (Fla. 1956) (holding that the rezoning of an area affected the rights of neighboring landowners and they should have been given the opportunity to be heard).

Zoning cases do not apply here, however.  Zoning laws give landowners certain property interests, such as the right to live in a residential area.  If a government changes zoning laws to allow non-residential developments in an area, it has deprived the neighboring landowners of a property interest because they no longer have the benefit of residential-only land use restrictions and their property values likely will decrease.  Cf. WAGS, 88 So.2d at 752 (holding that the landowners' property interests were affected by the rezoning because they bought

the property relying on the zoning ordinance that required all property in the district to be residential and a change in that zoning would decrease the value of their property).  In contrast, the approval of the site plan did not deprive Manley of any property interests given to him by the agreement with Rib or state law.  The fact that the city approved the site plan does not prevent a state court from finding that construction under the plan violated the agreement or state law.  See Westland Skating Ctr, Inc. v. Gus Machado Buick, Inc., 542 So.2d 959, 964 (Fla. 1989) (holding that a landowner's compliance with a building code was not a defense to a claim that his construction violated Florida drainage laws).  As the district court correctly found, Manley still has the same property interests in the driveway and the stormwater drainage system that he had before the site plan was approved, and if the new construction hurts those interests, Manley can pursue a remedy in state court.

      **AFFIRMED.**