JOANOS, Judge.
Appellee, Kimmick, petitioned the Circuit Court in Columbia County to open her adoption records. She notified appellant, Department of Health and Rehabilitative Services (HRS), by filing a copy of the petition with counsel for the department. HRS responded to the petition by moving to dismiss the action for improper venue, arguing that as an affected party it could assert the state agency venue privilege recognized in Carlile v. Game & Fresh Water Fish Commission, 354 So.2d 362 (Fla.1978). HRS sought to have venue transferred to Leon County. In the order appealed from, the trial judge denied HRS’s motion.
HRS asserts that Florida Statutes (1979), Section 63.162(2) which states in pertinent part “. .. the Department shall be permitted to present to the court a report on the advisability of disclosing or not disclosing information pertaining to the adoption”, grants party status to HRS for the purpose of asserting a venue privilege. We disagree. The statute does not treat HRS as a party in these proceedings. It allows that agency to present its position concerning opening the adoption records much in the same way that HRS makes recommendations and reports in adoption proceedings. See Fla.Stat. (1979) §§ 63.-112(2)(b) and 63.122(6). Furthermore, the issue of whether or not to disclose information from the file is under the continuing authority of the court in which the judgment of adoption was entered as it is that court which has custody of the case file. That court is obviously the court referred to throughout Section 63.162 of the Florida Statutes. It would be unreasonable to construe it otherwise. The complexity that would occur in having an adoption judgment entered in the Columbia County Circuit Court but having further issues involved in the same file considered only by the Leon County Circuit Court is unnecessary and not the intent of the statute.
We note that nothing prevents HRS from entering these proceedings at the trial or appellate level as a permissible party. However, since the proceeding is not brought against HRS, the right of a state agency to be sued in the county of its headquarters as discussed in the Carlile case, supra, is not applicable to a proceeding under Section 63.162(2).
The order appealed from is AFFIRMED.
WENTWORTH, J., and WOODIE A. LILES (Ret.), Associate Judge, concur.