412 So.2d 392 (1982)
A.M. MOORE, Appellant,
v.
LEISURE POOL SERVICE, INC., Appellee.
No. 81-809.
District Court of Appeal of Florida, Fifth District.
March 17, 1982.
Rehearing Denied April 15, 1982.
*393 Robert L. Thomas, Apopka, for appellant.
Albert R. Cook of Jones, Morrison & Stalnaker, P.A., Altamonte Springs, for appellee.
FRANK D. UPCHURCH, Jr., Judge.
Appellant Moore appeals from a final judgment of foreclosure granting appellee Leisure Pool Service, Inc. a mechanic's lien and damages in the amount of $704.80 for breach of a contract to build a swimming pool on the Moores' property. The trial court also awarded Leisure Pool attorney's fees and costs.
Moore and Leisure Pool disagreed on whether an automatic pool sweep was included in the contract price. Moore withheld $704.50, the balance unpaid at the time Leisure Pool refused to deliver the pool sweep. Leisure Pool filed a claim of lien and later sued to foreclose the lien. In the alternative, Leisure Pool sought damages in the amount of $704.80 for breach of contract.
The record supports the court's finding that the pool sweep was not a part of the contract. The trial court's decision comes to us clothed with a presumption of correctness. Zinger v. Gattis, 382 So.2d 379 (Fla. 5th DCA 1980). We therefore affirm the award of $704.80 as damages for breach of contract.
The claim of lien and the suit to foreclose the lien were in the name of A.M. Moore individually. On the day of the trial, Moore filed a motion for judgment on the pleadings or, in the alternative, to dismiss the action for lack of an indispensable party. Moore alleged that he and his wife were owners as tenants by the entirety of the property involved and therefore she was an indispensable party. The court denied the motion on the basis that it was untimely. This was error. Florida Rule of Civil Procedure 1.140(h)(2) provides that the failure to join an indispensable party may be raised by motion for judgment on the pleadings or at trial on the merits.
As the motion was timely, the trial court should have considered it on its merits. We note that in Marson v. Comisky, 341 So.2d 1040 (Fla. 4th DCA 1977), the court held that where a mechanic's lien was alleged against real property owned by a defendant and his wife, the wife was an indispensable party and failure to join her as a co-defendant rendered the complaint defective. We also reject Leisure Pool's argument that the court could proceed without making the wife a party on the basis that she was actually or constructively before the court. The wife was not served. She made no appearance by filing a pleading. The court did not acquire jurisdiction over her simply because she testified as a witness and was in the company of her husband during the trial. We therefore reverse the imposition and foreclosure of the mechanic's lien and remand for a hearing on the motion to dismiss.
Under the contract with Leisure Pool, Moore was obligated to pay a reasonable attorney's fee for any action deemed necessary by Leisure Pool to enforce its rights under the agreement. Leisure Pool also claimed entitlement to recover a reasonable *394 attorney's fee as the prevailing party in an action to enforce a mechanic's lien. § 713.29, Fla. Stat. (1981). In light of our decision to reverse the lien foreclosure and to remand for a hearing on the motion to dismiss this count, we also reverse the award of attorney's fees and remand for reconsideration of this matter.
AFFIRMED in part, REVERSED and REMANDED in part.
DAUKSCH, C.J., and SHARP, J., concur.