499 So.2d 905 (1986)
Gerald A. LEWIS, Comptroller, State of Florida, Appellant,
v.
Ralph TURLINGTON, a Citizen and Taxpayer, and Foye W. O'Steen, J.E. Weatherford, and Louis Weissing, Appellees.
No. BL-495.
District Court of Appeal of Florida, First District.
December 22, 1986.
*906 Jim Smith, Atty. Gen., and Walter M. Meginniss, Asst. Atty. Gen., Tallahassee, for appellant.
Judith A. Breechner, Tallahassee, and Michael F. Coppins, of Douglass, Cooper & Coppins, Tallahassee, for appellees.
THOMPSON, Judge.
Gerald Lewis, Comptroller, State of Florida (Comptroller), appeals an order granting a Motion to Enforce Final Judgment filed by intervenors Foye W. O'Steen, J.E. Weatherford, and Louis Weissing (appellees). Comptroller contends, inter alia, that the trial court erred in permitting appellees to intervene in this declaratory judgment action after the conclusion of the action. We agree and reverse.
Turlington brought suit against the State of Florida, Department of Administration, Division of Retirement (Division) and the Comptroller seeking both declaratory relief and an injunction against the payment of any funds from the state retirement fund by the Comptroller or the Division pursuant to the provisions of Chapter 83-76, § 7, Laws of Florida, on the ground that the statute was unconstitutional. The lower court held the statute to be constitutional and the order of the lower court was affirmed by this court in Turlington v. Department of Administration, Division of Retirement, 462 So.2d 65 (Fla. 1st DCA 1984). In enacting Chapter 83-76, Laws of Florida the legislature intended to permit persons who held two state jobs (one elected and one non-elected) to retire from the non-elected position and to receive retirement benefits therefor while still keeping their elected positions and the salaries that went with the elected positions. The law as written was vague and did not clearly spell out its purpose. It was subsequently interpreted as permitting persons who held only one state job (if that job was an elected position) to "retire" from the job while also keeping the job and to simultaneously receive both retirement benefits and salary for performing the job. The appellees decided to take advantage of the flaws in the legislation and filed applications for retirement under Chapter 83-76. In their applications for retirement, the appellees specified retirement dates of September 1, 1983. The retirement application forms submitted by appellees specifically informed applicants that retirement benefits would be paid commencing 30 days after the retirement date selected, and further included the following caveat in boldface type: Once you retire, you cannot add additional service nor change options. Retirement becomes final when the first benefit check is cashed!!
On September 9, 1983, while appellees' retirement applications were being processed, the Secretary of the Department of Administration wrote to appellees notifying them that their applications were being processed but asking them to reconsider and to withdraw their applications. The letter indicated, however, that the decision was the appellees to make and that the Division would abide by their decisions.
On September 20, 1983 Ralph Turlington filed a suit for declaratory relief and an injunction seeking to have Chapter 83-76 declared unconstitutional. The trial judge, *907 being aware that the retirement of the appellees would at least arguably not become "final" until the checks scheduled to be sent out on September 30, 1983 were cashed, expedited the handling of the case. The judge received amended and second amended complaints on September 23 and September 27, convened a hearing on September 27, and issued his order finding Chapter 83-76 to be constitutional on September 28, 1983. However, in view of the certainty that an appeal would be taken he enjoined the defendants Comptroller and the Division from paying out any monies pursuant to Chapter 83-76 "until further order of a court of competent jurisdiction." In accordance with the representations of both parties that the monies should be set aside for the benefit of the ultimate recipients in the event Turlington should lose the appeal the trial judge directed that the money that would have been paid but for his order enjoining payment be invested and that the earnings thereon be reserved and be paid pro rata to the ultimate recipients of Chapter 83-76 retirement benefits, if any. The trial judge entered an amended final order on January 27, 1984 finding that Chapter 83-76, § 7 is constitutional. The amended order denied the plaintiff's prayer for injunctive relief and directed defendants to comply with the provisions of the law. On December 28, 1984 this court affirmed the amended order.
While the appeal was pending, the legislature enacted Chapter 84-11, Laws of Florida. On January 11, 1985 the Division wrote to appellees to inform them that the Division was interpreting Chapter 84-11 as precluding payment of any retirement benefits pursuant to Chapter 83-76, notwithstanding the fact that Chapter 83-76 had been finally determined to be constitutional. On August 20, 1985 appellees filed a motion to intervene in the original suit for declaratory relief and injunction. The Division objected to the intervention arguing that intervention by an interested party may be permitted in a pending action but that allowing intervention in this case would be improper since the final judgment had long since been entered and affirmed on appeal. The trial judge then presiding granted the motion to intervene in an order which did not state any basis for the decision allowing intervention.
On November 20, 1985 appellees filed the Motion to Enforce Final Judgment which ultimately resulted in the issuance of the order now on appeal. On January 28, 1986 appellees submitted a memorandum of law in support of their motion wherein they argued (1) that the Division's interpretation of Chapter 84-11 (as precluding payment of Chapter 83-76 benefits) would render Chapter 84-11 unconstitutional as an impairment of contract, and (2) since the Division had promised to retain Chapter 83-76 retirement monies and interest thereon for the protection of those ultimately determined to be eligible for the benefits and since the court had also ordered that said benefits be retained as promised by the Division, the Division should be estopped from refusing to pay said benefits. On February 13, 1986 the court entered its final order granting intervenors' Motion to Enforce Final Judgment.
In this appeal of the final order of February 13, 1986, the Comptroller's principal contention is that the trial court erred in allowing appellees to intervene in the declaratory judgment action after the entry of a final judgment in the case. We agree. A final order declaring Chapter 83-76 constitutional was entered January 27, 1984 and was affirmed by this court on December 28, 1984. Fla.R.Civ.P. 1.230 provides for intervention in pending cases by persons having an interest in the litigation. The general rule is that after litigation has resulted in a final judgment third persons will not be allowed to intervene as parties to the litigation. Dickinson v. Segal, 219 So.2d 435 (Fla. 1969); Idacon, Inc. v. Hawes, 432 So.2d 759 (Fla. 1st DCA 1983). Both of these cases recognize a very narrow exception to the general rule, which exception permits a trial judge to allow intervention after final judgment when to do so would in no way injuriously affect the original litigants and when allowing intervention will further the interests of *908 justice. Both cases make it very clear that the general rule should prevail except in the rarest of circumstances. In both cases the courts reversed lower court orders permitting intervention, finding the orders to be an abuse of discretion. In the instant case the appellees did not petition to intervene until August 20, 1985, some 17 months after the entry of the final order and some 8 months after that order was affirmed on appeal. Appellees did not challenge the final order in the case. They were strangers to the litigation raising new issues and seeking different relief. It was not in the interest of justice to allow appellees to intervene in these proceedings long after they were concluded and was an abuse of discretion to do so. The appropriate procedure for appellees is to file an action against the Comptroller and Division seeking the relief they sought in this case.
REVERSED.
JOANOS and NIMMONS, JJ., concur.