515 So.2d 1309 (1987)
Mary Nell DIXON, Petitioner,
v.
Ronald H. MELTON, et al., Respondents.
Nos. 87-853, 87-854.
District Court of Appeal of Florida, First District.
November 10, 1987.
Rehearing Denied December 17, 1987.
Marva A. Davis, Quincy, for petitioner.
Larry D. Simpson of Davis, Judkins & Simpson, Tallahassee, for respondents.
PER CURIAM.
Petitioner seeks a writ prohibiting respondent, the Honorable Judge Victor M. Cawthon, of the Second Judicial Circuit, from exercising jurisdiction over an adoption proceeding in the First Judicial Circuit. We grant the relief requested.
Petitioner and Ronald M. Melton were divorced in Leon County in 1985. They had *1310 one child, Michelle, who was born in 1984. Ronald died in an automobile accident in 1986. Thereafter, Judge Cawthon granted intervenor status in the dissolution proceeding to Ronald's parents, respondents Ronald H. Melton and Frances Melton, and granted them visitation rights. On May 26, 1987, the Meltons secured an order setting a visitation schedule which was to commence on July 10, 1987.
Prior to the entry of the May 26 order, a petition for adoption of Michelle was filed in the First Judicial Circuit in and for Okaloosa County. It is undisputed that neither petitioner in the adoption proceedings was married to Ms. Dixon. Compare § 63.172(2), Fla. Stat. (1987).
On June 30, 1987, the Meltons were notified that a final judgment of adoption of Michelle had been entered in Okaloosa County. Nevertheless, on July 10, 1987, Mr. Melton attempted to exercise the visitation rights. Petitioner told him the child had been adopted.
Thereafter, the Meltons filed a motion for contempt in the Leon County Court due to petitioner's failure to abide by the May 26 visitation order. Petitioner was ordered to show cause why the motion for contempt should not be granted, and a hearing was held on July 30, 1987. At that hearing, petitioner submitted a copy of the final judgment of adoption with the case number and names of the adoptive parents obliterated. Judge Cawthon ordered petitioner to disclose the names of the adoptive parents, but she refused, citing the confidentiality requirement of section 63.162(4) Florida Statutes[1]. Judge Cawthon then found that good cause existed under section 63.162(4)(d)[2] for disclosing the names of the adoptive parents.
Subsequent to the hearing, Judge Cawthon entered two written orders. One held petitioner in direct criminal contempt[3] and sentenced her to 30 days in the county jail. The other order directed the clerk of the Okaloosa County Circuit Court to produce the files relating to the adoption for inspection by the Meltons. Petitioner filed a timely notice of appeal, a motion to stay, and this petition for writ of prohibition. We entered a show cause order thereby staying the effect of the disclosure order,[4] and stayed the contempt order pending disposition of these proceedings.
The question of whether or not to disclose information from the file of an adoption lies with the court in which the adoption was entered, and remains under the continuing authority of that court after the final judgment of adoption is entered. Department of Rehabilitative Services v. Kimmick, 390 So.2d 1218 (Fla. 1st DCA 1980). Although technically all circuit courts of this state have subject matter jurisdiction over adoption proceedings, once one court has exercised its jurisdiction over a particular case, another court lacks authority to determine the existence of good cause and to order the file opened. Id.
In Hamill v. Bower, 487 So.2d 345 (Fla. 1st DCA 1986), this court was faced with the question of whether a Florida Court, which would otherwise have jurisdiction over a child custody dispute under Florida's version of the Uniform Child Custody Jurisdiction Act,[5] could exercise that jurisdiction when a court in another state originally decided the custody issue, and remained a court of competent jurisdiction. In spite of the existence of technical jurisdiction, we found that the Florida Court would be *1311 acting in excess of its jurisdiction if permitted to proceed and therefore prohibition was appropriate.
Similarly here, although the Leon County Circuit Court has general subject matter jurisdiction over adoption proceedings, it would be acting in excess of that jurisdiction if permitted to usurp the continuing authority of the Okaloosa County Circuit Court. Accordingly, the petition for writ of prohibition is granted as to the order directing the clerk of the Okaloosa County Circuit Court to disclose the file.
Having determined that the judge did not have authority to order the disclosure, it necessarily follows that petitioner could not be held in contempt for refusing to disclose that which the legislature has mandated remain confidential. It should be noted that petitioner was before the court on an order to show cause why she should not be held in contempt for failing to comply with the May 26 order scheduling visitation. Petitioner did show good cause when she informed the court that her parental rights to the child had been permanently and completely terminated. However, she was then held in direct criminal contempt, not for violating the visitation order, but for failing to disclose the confidential information. In response to the court's inquiry into whether petitioner had any cause to show why she should not be held in contempt, petitioner again relied on the confidentiality provision of the statute.
Except for specifically listed circumstances which are inapplicable here,[6] disclosure may only be ordered upon a showing of good cause. As we have held, the judge did not have authority to make the finding of good cause and order disclosure. Likewise, we do not consider the substantive question of whether good cause exists to order disclosure under the circumstances presented. That determination must first be made by the court that entered the adoption order. Because the Leon County Court could not order the disclosure, it follows that petitioner cannot be held in criminal contempt for complying with the statute. Therefore, pursuant to Florida Rule of Appellate Procedure 9.040(a), we find reversal of the contempt order at this time is appropriate.
The orders of the trial court directing disclosure, and holding petitioner in contempt are reversed and this cause is remanded for proceedings consistent with this opinion.
SMITH, C.J., and SHIVERS and WIGGINTON, JJ., concur.
NOTES
[1] Section 63.162(4) provides in pertinent part:

(4) No person shall disclose from the records the name and identity of a natural parent, an adoptive parent, or an adoptee unless:
.....
(d) Upon order of the court for good cause shown. In determining whether good cause exists, the court shall give primary consideration to the best interests of the adoptee, but shall also give due consideration to the interests of the adoptive and natural parents... .
[2] Id.
[3] Fla.R.Crm.P. 3.830.
[4] See Fla.R.App.P. 9.100(f).
[5] Section 61.1302, et seq.
[6] Subsections (a) through (c) of § 63.162(4) provide for disclosure when authorized by an individual who is protected by the confidentiality requirement.