518 So.2d 418 (1988)
Charles L. HORN and Mary Horn, Appellants/Cross-Appellees,
v.
CORKLAND CORPORATION, a Florida Corporation, As General Partner of Corkscrew Woodlands, Ltd., a Florida Limited Partnership, and Scarborough Constructors, Inc., a Florida Corporation, Appellees/Cross-Appellants.
CORKLAND CORPORATION, a Florida Corporation, As General Partner of Corkscrew Woodlands, Ltd., a Florida Limited Partnership, and Scarborough Constructors, Inc., a Florida Corporation, Appellants/Cross-Appellees,
v.
Charles L. HORN and Mary Horn, Appellees/Cross-Appellants.
Nos. 87-84, 87-305.
District Court of Appeal of Florida, Second District.
January 6, 1988.
*419 Franklin A. Johnson, Jr. of Smoot, Adams, Corbin, Johnson, & Green, P.A., Fort Myers, for appellants/cross-appellees Charles and Mary Horn.
J. Jeffrey Rice of Goldberg, Rubinstein & Buckley, P.A., Fort Myers, for appellees/cross-appellants Corkland Corp. and Corkscrew Woodlands, Ltd.
Gary N. Strohauer of Strohauer & Brown, P.A., Clearwater, for appellee/cross-appellant Scarborough Constructors, Inc.
THREADGILL, Judge.
Charles and Mary Horn appeal an order vacating a jury award of $25,000 in punitive damages for trespass entered against Corkland Corporation (Corkland) and the exclusion of their evidence of compensatory damages during trial. Corkland appeals the denial of certain jury instructions. The Horns appeal the denial of their motion to tax costs against Corkland and Scarborough Constructors, Inc. (Scarborough) and Corkland appeals the denial of its motion to tax costs against the Horns. Both appeals have been consolidated for review. We affirm the order vacating the punitive damage award and the exclusion of the Horns' evidence of compensatory damages. We therefore need not address the issue of the denial of jury instructions requested by Corkland during trial. We reverse the denial of the motions to tax costs.
The facts of this case are as follows. In 1981 Corkland began developing a park for recreational vehicles on land adjacent to the Horns' property in Lee County, Florida. *420 At some time Corkland realized that a downstream blockage in a stream crossing both properties was causing the land to flood. Corkland decided to alleviate the problem by clearing the waterway. Evidence at trial showed Corkland got written permission from a person he thought was the owner of the Horns' property. There was also evidence indicating that Corkland's project manager was unaware that the waterway crossed the Horns' property. Corkland hired Scarborough to clear the waterway on the Horns' property. In the process, numerous punk trees were destroyed and left in disarray on the property.
Charles Horn sued Corkland in May of 1983 for trespass seeking compensatory and punitive damages. With its answer, Corkland tendered an offer of judgment of $15,000 plus taxable costs. The offer, dated June 16, 1984, was later attached to Corkland's motion to assess costs against the Horns. At the time of the offer of judgment, Scarborough had not been joined as a party defendant. During discovery, Mary Horn, wife of Charles Horn, was added as a party plaintiff, and Scarborough was added as a party defendant.
At the close of the Horns' case in chief, the court granted Scarborough's motion for directed verdict as to punitive damages and reserved ruling on Corkland's motion for directed verdict as to punitive damages. The court directed a verdict in favor of the Horns finding both Corkland and Scarborough guilty of trespass and awarding the Horns nominal damages of $1.00. The jury ultimately returned a verdict for punitive damages in favor of the Horns and against Corkland in the amount of $25,000. Following the trial the court granted Corkland's renewed motion for directed verdict, vacated the jury award of $25,000 and entered judgment against Corkland and Scarborough in favor of the Horns in the amount of $1.00 as nominal damages for trespass. The court then denied the Horns' and Corkland's motions to tax costs and both parties appealed.
Upon review of the facts in this case, we find the evidence clearly supports the trial judge's finding that the trespass was committed by mistake and not by willful and wanton misconduct on the part of the Corkland or Scarborough. Under such circumstances, this court has held that punitive damages are not appropriate. See Winn & Lovett Grocery v. Archer, 171 So. 214 (Fla. 1936); Clark v. Conner, 441 So.2d 674 (Fla. 2d DCA 1983); Florida Power Corp. v. Scudder, 350 So.2d 106 (Fla. 2d DCA 1977). In Stearns & Culver Lumber Co. v. Cawthon, 56 So. 555 (Fla. 1911), the supreme court held that only if the trespasser makes absolutely no effort to ascertain the boundary line prior to committing the trespass would punitive damages be allowed. The evidence in this case shows Corkland tried to ascertain the true owner of the property. We therefore affirm the trial court's order vacating the jury award of punitive damages.
During trial, the Horns proffered the testimony of a local nursery man who testified as to the costs of cleaning up the property after the trespass. No other testimony of compensatory damages was offered by the Horns. The court denied the proffer.
The usual measure of damages for trespass to real property is the difference in value of the property before and after the trespass. Clark v. J.W. Conner & Sons, Inc., 441 So.2d 674 (Fla. 2d DCA 1983). Appellants in this case presented no testimony in support of damages except a nursery man who was unable to testify as to any difference in value of the property before and after the trespass. Mr. Horn, a real estate broker, did not testify as to any difference in value although under Florida law an owner of property can testify as to his opinion of the value of the property. Harbond v. Anderson, 134 So.2d 816 (Fla. 2d DCA 1961). When asked his opinion regarding the fair market value of his property, Mr. Horn could not respond. The only testimony regarding damages was presented by Corkland who put on Mr. Maxwell, the property appraiser, and Mr. Wass de Czege, the forester. Both experts testified that there was no damage. Mr. Maxwell stated that the fair market value *421 before and after the trespass was the same; Mr. Wass de Czege felt that felling the trees caused no damage due to the nature of the property. Because appellants presented no evidence in support of the proper measure of damages under Clark v. Conner there was no jury issue. Therefore, the trial judge correctly refused to allow the nursery man to testify as to the cleanup costs incurred as a result of the trespass.
We do find however, that the trial judge erred in denying the Horns' motion to tax costs against Scarborough and Corkland. Section 57.041, Florida Statutes (1985) provides that "the party recovering judgment shall recover all his legal costs and charges." Because the Horns prevailed on the issue of liability and did recover judgment it was error to deny them costs. See Dragstem v. Butts, 370 So.2d 416 (Fla. 1st DCA 1979). The amount of costs taxable against Scarborough and Corkland and the percentage of apportionment is within the discretion of the trial court. Martel v. Carlson, 118 So.2d 592 (Fla. 3d DCA 1960); Bankers Multiple Life Insurance Co. v. Blanton, 352 So.2d 81 (Fla. 4th DCA 1977). On remand the court should determine whether both Scarborough and Corkland are accountable for the Horns' costs and if so, which party is responsible for each item.
In addition, we find that the trial judge should have assessed costs against the Horns for those costs Corkland incurred after it submitted its offer of judgment. Fla.R.Civ.P. 1.442 clearly provides that "[i]f the judgment finally obtained by the adverse party is not more favorable than the offer, he must pay the costs incurred after the making of the offer." The judgment finally obtained by the Horns was $1.00. Because that amount is less than the $15,000 offer made by Corkland at the time of its answer to the complaint, pursuant to the rule, the Horns must pay the taxable costs incurred by Corkland after the offer. Corkland must pay the taxable costs incurred by the Horns prior to the offer as apportioned by the trial judge on remand. See Insurance Company of North America v. Twitty, 319 So.2d 141 (Fla. 4th DCA 1975); see also Statewide Uniform Guidelines for Taxation of Costs in Civil Actions.
Although Mary Horn was not a party at the time of the offer, we find costs are properly taxed against her in favor of Corkland. Although joined late in the proceedings, she was an indispensable party and, as stipulated, her omission as an original party was a clerical error. Moore v. Leisure Pool Service, Inc., 412 So.2d 392 (Fla. 5th DCA 1982).
The order denying costs to the Horns and to Corkland is reversed and remanded for further proceedings in accord with this opinion. In all other respects the final judgment is affirmed.
SCHEB, A.C.J., and SCHOONOVER, J., concur.