528 So.2d 54 (1988)
In the Interest of M.L.M., a Child.
No. 88-804.
District Court of Appeal of Florida, First District.
July 1, 1988.
Dixie D. Powell of Powell, Powell and Powell, Crestview, for appellants.
Walter A. Steigleman of Dewrell & Brannon, Fort Walton Beach, for appellees.
JOANOS, Judge.
The adoptive parents, who were also the maternal grandparents, appeal a non-final order granting the paternal grandparents the right to intervene in an adoption proceeding and disclosing the names of the adoptive parents.
Appellants present four points. First, they argue that the trial court erred in proceeding to a hearing over objection, and in denying appellants' request for a continuance. This argument is twofold:
1. The trial court lacked in-personam jurisdiction because service of process was defective and appellants were not allowed sufficient time to file proper motions directed at the deficiencies; and
2. Appellants were not afforded sufficient notice to adequately prepare a defense or to file responsive pleadings or motions.
Second, appellants argue that the trial court erred by ordering the disclosure of information in a closed adoption proceeding in open court before the finding of good cause could be appealed. Next, appellants assert that the trial court erred by granting the paternal grandparents the right to intervene in a closed adoption proceeding. And finally, appellants argue that the trial court erred in finding that good cause existed to disclose information in a closed adoption proceeding, and basing that finding of good cause on whether the paternal grandparents could enforce visitation rights awarded to them prior to adoption proceedings. We affirm on all points.
This is the second time this controversy has been before this court. See Dixon v. Melton, 515 So.2d 1309 (Fla. 1st DCA 1987).
The natural mother and father of the child, M.L.M., were divorced in Leon County in 1985. The paternal grandparents were awarded visitation rights in the final judgment of dissolution. Thereafter, the father was killed in an automobile crash. After the father's death, the paternal *55 grandparents intervened in the dissolution case and sought enforcement of their visitation rights. While those efforts were pending, a final judgment of adoption was granted to the appellants in Okaloosa County. The paternal grandparents have alleged that such adoption was a sham and designed solely to keep them from visiting their grandchild.
The paternal grandparents assert that during the two years in which they have sought the court's help in enforcing their visitation rights, they have had visitation with the child only on one brief occasion. They further assert that the natural mother has employed delaying tactics. The paternal grandparents filed a motion for contempt in Leon County to enforce their visitation rights. The circuit court issued two orders, one which sanctioned the natural mother by sentencing her to 30 days in Leon County jail and the other order directed to the clerk of Okaloosa County Circuit Court to produce the file for inspection and copying. The natural mother filed a notice of appeal, a motion to stay and a petition for prohibition. This court, in Dixon v. Melton, held that jurisdiction should be with the court that entered the adoption order, and as such reversed both the order granting disclosure and the order of contempt. The paternal grandparents then filed, in the Okaloosa County Circuit Court, a petition for leave to intervene and for an order authorizing the disclosure of records relating to adoption on January 29, 1988. After a hearing, the trial court entered an order granting the paternal grandparents the right to intervene and granting the disclosure of the names of the adoptive parents. Counsel for appellants filed a written objection to the format of that order and the trial court entered an amended order from which this appeal was taken.
The petition to intervene and for disclosure was filed on January 29, 1988, and a copy was certified to Marva Davis, the attorney of record for the natural mother.
Counsel for appellants was contacted on February 5, 1988, and retained by the appellants to represent them in the proceedings. Counsel for appellants objected to the hearing on the grounds that he had not had adequate time to prepare or file any responsive pleadings or motions. The trial court denied counsel's motion for continuance.
After the hearing, the trial court found that good cause existed and ordered the clerk, over objection of counsel, to disclose the names of the adoptive parents in open court. Counsel for appellants strenuously objected and requested the trial court to stay the disclosure until the issue could be determined on appeal. The trial court refused this request and permitted the disclosure.
The trial court granted the paternal grandparents intervenor status in the adoption case for the purpose of establishing visitation rights granted by the Leon County Circuit Court prior to the adoption.
We affirm the trial court's order which granted intervention to appellees and which revealed the names of the adoptive parents.
In the earlier opinion regarding jurisdiction of this case, this court specifically found that the Okaloosa County Circuit Court had continuing jurisdiction over the adoption proceeding in this cause, whereas the Leon County Circuit Court did not have jurisdiction. 515 So.2d at 1311.
Appellants argue correctly that they had less than the statutory 20 days in which to respond to the Petition to Intervene, once appellants' attorney received the notice of the hearing. However, we are not persuaded that appellants were prejudiced by this lack of preparation time, or by the court's denial of their request for continuance. As appellees contend, the court granted a second hearing in response to appellants' motion for rehearing, and the court gave the appellants a full opportunity to again present all of their arguments. Further, we agree with appellees that this court's opinion, which directed the paternal grandparents to seek relief in the Okaloosa County Circuit Court, was issued three months prior to the hearing in this case, and therefore, the natural mother, and the adoptive parents (natural mother's parents who reside with the natural mother), had *56 ample time to prepare to argue this visitation issue.
We further note that expediency is understandable and maybe even required by a trial court when a child's relationship with its grandparents is allegedly being wrongfully thwarted. We conclude that appellants have not established that, given these circumstances, the trial court abused its discretion by denying their motion for continuance regarding the initial hearing on the petition to intervene.
Upon review of point two, we find that appellants have not explained how they were harmed because the trial court disclosed the names of the adoptive parents. Appellants merely state that this was an abuse of discretion and as such constituted reversible error, yet appellants offer no support for such a conclusion.
We are also unpersuaded by appellant's argument in point three. Cases cited by appellant to support this point, are distinguishable and not supportive. Boca Development Associates, Ltd. v. Holiday City Civic Association, Inc., 411 So.2d 343 (Fla. 4th DCA 1982); Regency Highland Associates v. Regency Highland Condominium Association, Inc., v. Marie Aurriccho Fence Division, Inc., 405 So.2d 788 (Fla. 4th DCA 1981), and Maryland Casualty Company v. Hanson Dredging, Inc., 393 So.2d 595 (Fla. 4th DCA 1981). These cases simply reiterate the proposition that "[i]ntervention involves an exercise of the chancellor's discretion and his determination will not be disturbed unless error is clearly made to appear." 393 So.2d at 596. Further, as appellees contend, in these cases appellants had other recourse to seek relief, whereas in the instant case this court found that the paternal grandparents had no recourse but to appeal to the court which maintained continuing authority after the final judgment of adoption was entered. 515 So.2d at 1310. We find that the record does not demonstrate an abuse of discretion by the trial court, nor have appellants demonstrated that injustice resulted from the court's grant of appellees' motion to intervene. This court recognized in Lewis v. Turlington, et. al., 499 So.2d 905 (Fla. 1st DCA 1986), that there is a very narrow exception to the general rule that intervention may not be granted after a final judgment is issued, but the exception does exist where intervention would in no way injuriously effect the original litigants and when allowing the intervention will further the interests of justice. 499 So.2d at 907. Appellees argue persuasively that, as in Wags Transportation System, Inc. et. al. v. City of Miami Beach, 88 So.2d 751 (Fla. 1956), where petitioner's home was at stake which justified the grant of intervention to further the interests of justice, in the instant case, there is a child's relationship with its paternal grandparents at stake which similarly justifies granting intervention. Therefore, we affirm on this point also.
Finally, as appellees contend, the trial court specifically stated in its order that, in determining whether the names should be disclosed, it considered all of the factors enumerated in § 63.162, Florida Statutes (1987). The court weighed the purpose of the grandparents' request for disclosure pursuant to § 63.162(1)(d)4.a., Florida Statutes  reason information is sought, against potential harm to the appellants. The court concluded that the grandparents were pursuing rights of visitation previously granted by a court order, and that appellants had not established how such disclosure would be adverse to the best interests of the child.
AFFIRMED.
SMITH, C.J., concurs.
ZEHMER, J., concurs with written opinion.
ZEHMER, Judge (concurring).
This case presents the court with a most unusual situation. The child's mother and her parents have taken extraordinary measures to prevent the parents of the child's deceased father from visiting with the child by initiating adoption proceedings in the Circuit Court of Okaloosa County while custody proceedings were pending in the Circuit Court of Leon County to determine the paternal grandparents' right of visitation. *57 The adoption proceedings were initiated without notice to the paternal grandparents or to the Circuit Court of Leon County. In my view, the pendency of the visitation proceedings in Leon County required that notice of the mother's attempt to place the child for adoption be given to the parents and to that court. Thus, I would hold that the paternal grandparents had an absolute right to intervene in the adoption proceedings and contest their validity for lack of notice. After this court's decision in Dixon v. Melton, 515 So.2d 1309 (Fla. 1st DCA 1987), the paternal grandparents had no other course of action available to them.
If, however, the right to intervene is to be treated as a matter of discretion, as the majority opinion does in this case, I fully concur with the majority on all four points raised on appeal.