746 So.2d 1172 (1999)
DEPARTMENT OF HEALTH, OFFICE OF VITAL STATISTICS, Appellant,
v.
The ADOPTION OF Baby GILLI, Appellee.
No. 99-596.
District Court of Appeal of Florida, Fifth District.
December 3, 1999.
Janine B. Myrick, Senior Attorney, Department of Health, Office of Vital Statistics, Tallahassee, for Appellant.
No Appearance for Appellee.
COBB, J.
This appeal arises from a petition for adoption information filed on September *1173 15, 1998 by Beverly Outlaw (birth mother of Baby Gilli) in the Circuit Court of Volusia County, Florida. The petition requested all information concerning the adoption of her now adult girl who was born on March 3, 1953. Additionally, Outlaw requested "all information to be released to Bertie Hunt as court intermediary." The reason given by Outlaw for the request was that her daughter had a "right to know her heritage" and Outlaw wanted to tell her the reasons why she was placed for adoption. Finally, Outlaw indicated that "there is a need for medical information to be given to her."
On September 17, 1998, the lower court appointed Bertie Hunt, who was a notary and private investigator in Orange County, Florida, as intermediary and ordered that she could receive all identifying information concerning the adoption and all records relating to the adoption. The intermediary was appointed to act as an agent to determine whether the adoptive family or adoptee could be located and would consent to the release of identifying information.
The Department of Health, Office of Vital Statistics, filed a motion for relief pursuant to Rule 1.540 from the order appointing the intermediary and releasing adoption information. The Department challenged, inter alia, the jurisdiction of the Volusia County Circuit Court since it was not the court that entered the judgment of adoption. That judgment was entered by the Orange County Circuit Court. The circuit court below rejected the arguments of the Department, including those directed to the issue of jurisdiction. The court noted that all circuit courts in Florida have jurisdiction over adoptions and that a birth parent should not have to seek out the correct one.
We disagree with the jurisdictional analysis of the court below. Clearly, all circuit courts within the State of Florida have subject matter jurisdiction to hear adoptions and related proceedings. § 63.032(3), Fla. Stat. (1997). However, that is not the question. As stated by the First District Court of Appeal:
[T]he issue of whether or not to disclose information from the file is under the continuing authority of the court in which the judgment of adoption was entered as it is that court which has custody of the case file. That court is obviously the court referred to throughout section 63.162 of the Florida Statutes. It would be unreasonable to construe it otherwise. The complexity that would occur in having an adoption judgment entered in the Columbia County Circuit Court but having further issues involved in the same file considered only by the Leon County Circuit Court is unnecessary and not the intent of the statute.
Department of Health and Rehabilitation Services v. Kimmick, 390 So.2d 1218 (Fla. 1st DCA 1980).
In Dixon v. Melton, 515 So.2d 1309 (Fla. 1st DCA 1987), the district court indicated that the question of whether to disclose adoption file information lies with the court in which the adoption was entered and "remains under the continuing authority of that court after the final judgment of adoption was entered.... Once one court has exercised its jurisdiction over a particular case, another court lacks authority to determine the existence of good cause and to order the file opened."
Under the above rationale, Judge Sanders in Volusia County had no authority to enter the order of disclosure and order appointing intermediary. Accordingly, we quash the order of the Volusia County Circuit Court entered on September 17, 1998.
ORDER QUASHED.
DAUKSCH and GOSHORN, JJ., concur.