776 So.2d 968 (2000)
Anton SVADBIK and John S. Svadbik, Appellants,
v.
Linda SVADBIK, Appellee.
No. 3D99-2916.
District Court of Appeal of Florida, Third District.
December 27, 2000.
*969 Ricardo R. Corona, Miami, for appellants.
Silverio & Hall, Mark V. Silverio, Naples, Philip Mugavero, Boca Raton, and Brian M. Silverio, Davie, for appellee.
Before JORGENSON, COPE and GODERICH, JJ.
GODERICH, Judge.
The former husband, John S. Svadbik, appeals from an order directing the disbursement of funds to the former wife, and his father, Anton Svadbik, appeals from an order denying his motion to intervene. We affirm.
After Hurricane Andrew, John S. Svadbik [the husband] purchased several Hurricane damaged homes, repaired them, and rented them. Title to these properties was initially held by the husband alone, but on March 9, 1995, he transferred these properties to Tex Industries, Inc., the corporate trustee of a land trust whose two equal shareholders and beneficiaries were himself and his father, Anton.
Approximately, one month later, on April 12, 1995, Linda Svadbik [the wife] filed a petition for dissolution of marriage naming Tex Industries, Inc., and other corporations, as party/respondents. At trial, the husband and the husband's father testified regarding the value of their jointly-owned businesses, including Tex Industries, Inc. With regard to Tex Industries, Inc., the husband's father testified that he understood that his daughter-in-law was claiming that he had no interest in any of the rental properties that were held in the land trust.
On September 23, 1997, the trial court entered a final judgment of dissolution of marriage. As part of the equitable distribution of the marital assets, the trial court ordered the husband to sell the rental properties and pay the net proceeds to the wife. On June 18, 1998, the trial court entered an amended final judgment.
On August 25, 1999, the wife filed a motion to enforce the amended final judgment claiming that two of the rental properties had recently been sold and seeking disbursement of the funds. On October 1, 1999, the trial court conducted a hearing on the motion. The husband's father and his attorney were both present. The trial court ordered the parties to submit memoranda of law. The husband failed to do so, and on October 20, 1999, the trial court entered an order on the wife's motion for disbursement of sale proceeds and other motions. In its order, the trial court found that the husband's contention that his father was entitled to 50% of the net proceeds was without merit. The trial court noted that the transfer of the rental properties was made only thirty-three days before the wife filed the petition for dissolution of marriage and that the transfer was made for $10 consideration. The trial court noted that the husband's father was never made a party to the dissolution action and that he never attempted to intervene despite the fact that he attended the trial and testified due to his connections with the corporate co-respondents. The trial court found that the husband's father had actual notice that the properties in which he held a beneficial interest were a part of the marital estate. Therefore, the trial court concluded that the husband's father had waived any interest he had in the properties. The court concluded, "Due to his presence at the trial, he was on actual notice that the properties were being disposed of as part of the marital estate and took no action to protect his interests. No claim on the properties was ever presented to this Court on his behalf until well over one year had elapsed since the entry of the amended final judgment."
On November 19, 1999, the husband's father filed a motion to intervene claiming that the funds sought to be distributed were his beneficial property. On December 9, 1999, the trial court entered an order denying the husband's father's motion to intervene. The husband and his father appeal from these orders.
*970 The husband and his father contend that the trial court erred by finding that the husband's father had waived his interest in the trust properties by testifying and attending his son's divorce trial. The husband and his father argue that the father was never served, that he filed no appearance, and that he was not a party to the proceeding. In support thereof, the husband and his father cite Moore v. Leisure Pool Service, Inc., 412 So.2d 392 (Fla. 5th DCA 1982).
In Moore, a pool company brought suit to foreclose a mechanic lien on property that was held by a husband and wife as tenants by the entireties. At trial, the husband moved for a judgment on the pleadings or a dismissal of the action for lack of an indispensable party pursuant to Florida Rule of Civil Procedure 1.140(h)(2). The trial court denied the motion, and the cause proceeded to trial where the court found in favor of the pool company. On appeal, the pool company argued that the wife was actually or constructively before the court because she had testified as a witness and was in the company of her husband during trial. The Fifth District rejected this argument stating that the trial court had not acquired jurisdiction over the wife because she was not served and had made no appearance by filing a pleading.
Moore, however, is distinguishable from the instant case. In Moore, the wife was a necessary party as she held title by the entireties to the property that the pool company sought to foreclose. In the instant case, the husband's father, as a beneficiary of the trust, was not an indispensable party. Rather, the trustee of the land trust, Tex Industries, Inc., was the indispensable party, § 737.402(2)(z), Fla. Stat. (1995)[1], and as such was properly before the court. See Cowen v. Knott, 252 So.2d 400 (Fla. 2d DCA 1971)(holding that although beneficiaries of a land trust were not necessary parties to mortgage foreclosure suit, they could be properly joined).
Further, the husband's father was aware that his daughter-in-law was claiming an interest in the entire trust and as a beneficiary of the trust, he could have timely moved to intervene in the pending litigation, Fla. R. Civ. P. 1.230[2], but he did not. Instead, the husband's father waited more than two years after the entry of the final judgment of dissolution of marriage and more than one year after the entry of the amended final judgment to file his motion to intervene.
"The general rule is that after litigation has resulted in a final judgment, third persons will not be allowed to intervene as parties to the litigation." Lewis v. Turlington, 499 So.2d 905, 907 (Fla. 1st DCA 1986). A very narrow exception to the general rule "permits a trial judge to allow intervention after final judgment when to do so would in no way injuriously affect the original litigants and when allowing intervention will further the interests of justice." Lewis, 499 So.2d at 907-08. Because the instant case does not warrant the application of the narrow exception, we find that the trial court acted wholly within its discretion in denying the husband's father's motion to intervene and properly disbursed the sale proceeds to the wife.
Affirmed.
NOTES
[1] Section 737.402(2)(z), Florida Statutes (1995), provides:

Unless otherwise provided in the trust instrument, a trustee has the power: To prosecute or defend actions, claims, or proceedings for the protection of trust assets and of the trustee in the performance of his duties.
[2] Rule 1.230, Florida Rules of Civil Procedure, states:

Anyone claiming an interest in pending litigation may be permitted to assert his right by intervention, but the intervention shall be in subordination to, and in recognition of, the propriety of the main proceeding unless otherwise ordered by the court in its discretion.