PER CURIAM.
Petitioners are formerly dependent children who were in the custody of the Department of Children and Family Services (DCF) prior to termination of parental rights and their adoption. They claim that they were abused by their foster, later adoptive, mother while in DCF custody and even after their adoption. They are investigating negligence and civil rights claims as a result. With that purpose, they filed a motion for order authorizing inspection and copying of DCF records in their closed adoption ease. The presiding judge denied the motion without prejudice to petitioners’ right to seek relief in a separate civil action, noting that the adoption case had been closed. The judge entered a subsequent order denying rehearing, noting that petitioners had requested opening of the closed adoption court fíle as well as other pertinent DCF records. She suggested that “more appropriate relief’ may be available by a pure bill of discovery.
Petitioners have demonstrated entitlement to mandamus relief insofar as they seek to have the judge in the closed adoption case exercise jurisdiction over their request to inspect and copy records from the that case. See § 63.162(2), Fla. Stat. (2003). See also Dep’t. of Health, Office of Vital Statistics v. Adoption of Gilli, 746 So.2d 1172 (Fla. 5th DCA 1999); Dixon v. Melton, 515 So.2d 1309 (Fla. 1st DCA 1987).
We grant the petition and direct the judge in the closed adoption case to conduct proceedings pursuant to section 63.162 of the Florida Statutes on petitioners’ motion to inspect and copy records forthwith.
FARMER, C.J., KLEIN, and HAZOURI, JJ., concur.