30 So.3d 530 (2010)
U.S. BANK NATIONAL ASSOCIATION, as trustee, on behalf of the holders of the Home Equity Asset Equity Pass-Through Certificates, Series 2005-2, Appellant,
v.
David TAYLOR, a/k/a David M. Taylor, et al., Appellees.
No. 3D09-694.
District Court of Appeal of Florida, Third District.
February 10, 2010.
Lapin & Leichtling and Jonathan R. Rosenn and Jeffrey S. Lapin, for appellant.
John L. Penson, Bay Harbor Islands, for appellees.
Before RAMIREZ, C.J., GERSTEN and SUAREZ, JJ.
SUAREZ, J.
U.S. Bank National Association ("U.S. Bank") appeals a non-final order granting *531 a post-judgment motion to intervene. After final judgment of foreclosure and sale of property to U.S. Bank, the owner of the first mortgage and note, the trial court granted Northview Equities, LLC's ("Northview") motion to intervene and ordered the clerk of the court to issue title to Northview. We reverse the grant of Northview's motion to intervene and the direction to the clerk to issue the certificate of title to Northview, as Northview was assigned a second mortgage and not the first mortgage, which was owned by U.S. Bank.

FACTS
This case arises out of a residential foreclosure of a first mortgage brought by U.S. Bank, the owner of the note and first mortgage. The first mortgage referenced a note in the amount of $518,000.00 and an identification number ending in 6895. U.S. Bank's loan servicer executed a second mortgage, which stated that it was "subordinate to an existing first lien of record" and was referenced by an identification number ending in 6903. U.S. Bank obtained a final judgment of foreclosure against the borrower, David Taylor, based upon the note and first mortgage. The second mortgage was assigned to Asset Management Holdings, Inc. ("Asset"), and referenced the identification number ending in 6903. Asset then assigned the same mortgage to Northview.[1] Northview claimed title to the property based on the fact that, when U.S. Bank's loan servicer assigned the second mortgage to Asset, although the assignment itself referenced the correct identification number of the second mortgage, 6903, and the second mortgage stated that it was "subordinate to an existing first lien of record," the assignment was erroneously filled out by incorrectly substituting the Monroe County official records book and page number of the first mortgage instead of the correct second mortgage book and page number. Asset's execution of the assignment, referencing the incorrect book and page number of the first mortgage, to Northview is the basis of Northview's claim.

TRIAL COURT PROCEDURE
After the property was foreclosed upon, the owner of the first mortgage, U.S. Bank, bought the property at the foreclosure sale. Almost eight months after final judgment of foreclosure had been entered in favor of U.S. Bank and after the purchase by U.S. Bank at the foreclosure sale, but prior to the issuance of the certificate of title, Northview moved to intervene. Northview's theory was that the assignment it received from Asset was an assignment of the first mortgage because the document showed the Monroe County official records book and page number of the first mortgage giving it priority in title over U.S. Bank. The trial court allowed Northview to intervene and the trial court directed the clerk of the court to issue the certificate of title to Northview. U.S. Bank filed this interlocutory appeal. We find that the trial court abused its discretion in granting the motion to intervene and directing the clerk of the court to issue the certificate of title to Northview.

ANALYSIS
The trial court's order granting Northview's motion to intervene is reviewed for an abuse of discretion. Barnhill v. Fla. Microsoft Anti-Trust Lit., 905 So.2d 195 (Fla. 3d DCA 2005). The portion of the trial court's order which directs the clerk to issue the certificate of title to Northview is reviewed de novo since it involves questions of law and the construction of written instruments. Aronson v. Aronson, 930 So.2d 766 (Fla. 3d DCA 2006).
*532 The general law is that an assignee of a mortgage receives only those rights and benefits which are available to its assignor. Dubbin v. Capital Nat'l Bank, 264 So.2d 1 (Fla.1972). Under the facts before us, the assignee, Northview, received only the rights it would have had under the assignment of mortgage it received from Asset. Asset only possessed the rights of a second mortgage holder, as referenced by the amount of $148,000.00 "subordinate to an existing first lien of record" and identification number 6903. The facts that the second mortgage, held by Asset and assigned to Northview, had a different identification number than the first mortgage, and the second mortgage referenced $148,000, "subordinate to an existing first lien of record," serve to corroborate the conclusion that Northview received a second mortgage and not a first mortgage despite the erroneous book and page numbers. Had Northview executed a diligent search of the public records, barring the fact that the book and page numbers on the two mortgages were reversed, it would have become aware that there was a second mortgage on the property which was subordinate to the first. See Graham v. Commonwealth Life Ins. Co., 114 Fla. 585, 154 So. 335 (1934) (holding that where a purchase money mortgage stated it was second mortgage, but incorrectly designated the first mortgagee, and the assignee had actual and constructive notice of a subordination agreement, the mortgagee of the building construction loan was entitled to priority over the assignee of the purchase money mortgage); see also Crenshaw v. Holzberg, 503 So.2d 1275, 1277 (Fla. 2d DCA 1987) ("[A]n instrument of record is notice not only of its own existence and contents, but also of other facts that would have been learned from the record if it had been examined and that inquiry suggested by it would have disclosed."). Northview's argument that it was a bona fide purchaser fails because "[a]n assignee is not protected as against the equities of third persons if the assignment was ... after the maturity of the debt secured." Hulet v. Denison, 146 Fla. 478, 482, 1 So.2d 467 (1941); see Vance v. Fields, 172 So.2d 613 (Fla. 1st DCA 1965) (holding that purported assignee of mortgage without assignment of note creates no right in plaintiffs and recording gives no priority as against subsequent sale and delivery of note).
The trial court abused its discretion in granting Northview's motion to intervene. A post judgment motion to intervene is rarely, if ever, granted and only if the intervention will not injuriously affect the original litigants. In this case, the trial court abused its discretion since the granting of the post judgment motion to intervene did injuriously affect the original parties. See Dickinson v. Segal, 219 So.2d 435 (Fla.1969) (post-judgment intervention not permitted once litigation has resulted in final judgment); see also Svadbik v. Svadbik, 776 So.2d 968 (Fla. 3d DCA 2000) (affirming denial of motion to intervene post-judgment); Idacon, Inc. v. Hawes, 432 So.2d 759 (Fla. 1st DCA 1983) (reversing order granting motion to intervene after final judgment of foreclosure had been entered and after judicial sale); Lewis v. Turlington, 499 So.2d 905 (Fla. 1st DCA 1986) (trial court abused its discretion in allowing third parties to intervene after entry of final order).
We reverse the trial court's grant of Northview's motion to intervene and the direction to the clerk to issue title in Northview's name. We remand to the trial court to issue title in the name of U.S. Bank.
Reversed and remanded with directions.
NOTES
[1] The note was never delivered.