# Third District Court of Appeal

## State of Florida

Opinion filed March 19, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0746
Lower Tribunal No. 22-8534-CA-01
_____


**PDX Real Estate, LLC**,
Appellant,

vs.

**Romazer Group, LLC, et al.**,
Appellees.


An Appeal from the Circuit Court for Miami-Dade County, Mavel Ruiz, Judge.

Saltiel Law Group, and Elizabeth Taveras, and Matthew Carcano, for appellant.

Law Offices of Paul A. Humbert, P.L., and Paul A. Humbert, for appellee Romazer Group, LLC.


Before EMAS, LINDSEY, and GORDO, JJ.

PER CURIAM.

An order denying a motion to intervene is reviewed for abuse of discretion. F.Y.E.S. Holdings, Inc. v. House Golden Rule, LLC, 347 So. 3d 66, 69 (Fla. 3d DCA 2021). "A post judgment motion to intervene is rarely, if ever, granted and only if the intervention will not injuriously affect the original litigants." U.S. Bank Nat'l Ass'n v. Taylor, 30 So. 3d 530, 532 (Fla. 3d DCA 2010); see also Dickinson v. Segal, 219 So. 2d 435, 436 (Fla.1969) ("[T]he general rule-universally-is that intervention may not be allowed after final judgment."); Svadbik v. Svadbik, 776 So. 2d 968 (Fla. 3d DCA 2000) (affirming denial of post-judgment motion to intervene); Idacon, Inc. v. Hawes, 432 So. 2d 759 (Fla. 1st DCA 1983) (reversing order granting motion to intervene after final judgment of foreclosure had been entered and after judicial sale); Lewis v. Turlington, 499 So. 2d 905, 908 (Fla. 1st DCA 1986) (holding that the trial court abused its discretion in allowing third parties to intervene after entry of final order).

Based on the record before us, we cannot find reversible error. Accordingly, we affirm.

Affirmed.