PETERSON, Judge.
Sweetwater Country Club Homeowners’ Association, Inc. (Country Club), appeals the denial of its motion to intervene[1] in a dispute involving the ownership of recreation areas which historically had been used by Country Club’s members and the members of two other communities. We hold that the denial was error.
Huskey Corporation (Huskey) developed the Sweetwater Oaks development in Seminole and Orange Counties which consists of three contiguous but separate communities. Each community has a separate homeowners association named after it: Appellant (Country Club), Sweetwater Oaks Homeowners’ Association, Inc. (Oaks), and Sweetwater Club Homeowners’ Association, Inc. (Club). While the communities each have recreation areas within their boundaries owned by their respective associations, the members of the three associations, Country Club contends, have been enjoying the recreational use of three valuable parcels of property owned solely by Huskey: (1) a beach on Lake Brantley; (2) *938 a tennis complex; and (3) facilities on the Wekiva River (recreation areas). The record does not show how or whether Huskey formalized by documentation the manner in which these three associations or their members would be permitted to use the recreation areas and share in the expense of upkeep, or who would eventually gain ownership. It appears that Huskey instituted an informal method of collecting contributions from members of the three associations to pay the expenses of operating the areas and that this has somehow worked without controversy for many years.
In March 1990, Oaks sued Huskey and its principal, E. Everette Huskey, alleging that on April 1, 1989, Huskey relinquished developer control of the board of directors of its association to its members but failed to fulfill its obligation to transfer the recreation areas. Huskey contended that both ownership and continued use of the areas should be shared by all three associations.
Huskey attempted to bring declaratory judgment and interpleader actions and sought to join the other two associations as indispensable parties and as third party defendants, but all of those attempts resulted in dismissals.
Club and Country Club then moved to intervene in the action initially filed by Oaks, alleging a right to use the recreational areas, that the recreational areas were not shown within the boundaries of any of the associations or plats of the subdivisions, and that members of all three associations had been using the recreation areas and had been assessed by each of the respective associations for upkeep. The motions to intervene were denied. Subsequently, a summary final judgment was entered which vested title to the recreation areas in Oaks subject to any rights or claims the other two associations may have although the latter were not parties to that action.[2]
The trial court stated its reasons for denying intervention: (1) The motions for intervention were untimely and would cause substantial delay, and discovery would have to be reopened; (2) the interve-nors were seeking to inject new matters that would cause delay; (3) the intervenors were alleging use rights rather than ownership rights in the property, and their right to assert entitlement to use of the property could not be prejudiced by the final judgment; and (4) the documents attached to the motions to intervene failed to show standing to assert their claims in the property.
TIMELINESS OF MOTIONS TO INTERVENE
Oaks filed its original complaint in March 1990. In September 1991, Huskey filed its second amended counterclaim. Club and Country Club also filed their motions to intervene in September 1991. The proceedings were still in the pleading stage, and no pretrial conference or trial date had been set. Oaks had not yet filed its motion for summary judgment, and, although the order disallowing intervention indicated that discovery would have to be reopened, nothing in the record we have examined indicates that discovery had ever been closed.
Oaks supports the order of denial by citing Hatcher v. Roberts, 478 So.2d 1083 (Fla. 1st DCA 1985), review denied, 488 So.2d 68 (Fla.1986). There, a motion to intervene was found to be untimely when it was filed one day before a hearing on a motion for summary judgment when the latter motion was filed three months before the hearing. When the motions to intervene were filed in the instant case, no motion for summary judgment had been filed. Most of the Florida cases denying intervention as untimely involved motions filed after final judgment was entered. Lewis v. Turlington, 499 So.2d 905 (Fla. 1st DCA 1986). See De Anza Corp. v. Hollywood Estates Homeowners Ass’n, Inc., 443 So.2d 462 (Fla. 4th DCA 1984); *939 Boca Development Associates Ltd. v. Holiday City Civic Ass’n, Inc., 411 So.2d 343 (Fla. 4th DCA 1982); Maryland Casualty Co. v. Hanson Dredging, Inc., 393 So.2d 595 (Fla. 4th DCA 1981); Wong v. Von Wersebe, 365 So.2d 429 (Fla. 3d DCA 1978). In National Wildlife Federation, Inc., v. Glisson, 531 So.2d 996 (Fla. 1st DCA 1988), a motion to intervene filed twenty-three months after initiation of a suit was allowed when the intervenors assured the court that their desire to intervene would not delay or disrupt proceedings that had been scheduled in six months.
While Oaks had filed its suit approximately eighteen months earlier, the record indicates that it had not progressed past the pleading stage, and, had the motion to intervene been granted, the order would not have delayed any hearing since none had been scheduled. We also note that, by disallowing the intervention, two proceedings, rather than one, were required. The second suit involved all of the parties to the first suit, in addition to those who sought to intervene in that suit.
DELAY BY INTRODUCING NEW MATTERS AS TO USE RATHER THAN OWNERSHIP
Country Club’s eleven-page motion to intervene alleged that the property had been used and was available for use by the members of all three communities, that those members paid fees for maintenance, repair, and enhancement, that no recorded or recordable document vests full or partial ownership of the property in any of the associations, that no one of the associations has separately paid for repair, maintenance, or improvements of the property, that the property is not found within the plats of any of the communities, and that Oaks’ right to the use and enjoyment of the property is no greater than either of the other two communities. Various exhibits attached to and referenced in the motion allegedly indicate an intent by the developer to have the property used by all three communities.
A review of Oaks’ amended complaint and its reference to a number of exhibits indicates that Oaks was attempting to prove its entitlement to ownership by showing the developer’s intent. This is not substantially different from Country Club’s attempt to show its interest in the property. Additionally, Oaks’ prayers for relief in its Count V for “Mandatory Injunction Regarding Conveyance of Common Properties” and Count VII for “Declaratory Judgment/What Constitutes Common Properties,” specifically raised the issue of the associations’ interests when it requested that: “A Final Judgment be entered mandating that Developer’s conveyance of the Common Properties to Plaintiff shall not be conditioned on Plaintiff being compelled to grant any use or ownership rights to any other Associations, or Members of Associations Other than Plaintiff” and that “Developer convey to Plaintiff all areas that the Court declares to be Common Properties without any obligation being imposed on Plaintiff to share the Common Properties.” These prayers requested adjudication of disputed rights asserted by the other two associations. Yet, when those associations attempted to inform the court of those rights, Oaks vigorously resisted their participation in the action.
In its motion to intervene, Country Club attempted to assert rights to use the property that Oaks requested should be declared nonexistent. These are the same rights that the developer raised as issues in its affirmative defenses as being intended for the benefit of all three communities. Both Oaks and Country Club are attempting to show their entitlement by alleging certain past actions by the developer, and the developer has raised the same issues. Since an issue was raised as to Country Club’s rights in the property, the motion to intervene should have been granted.
STANDING
The order denying intervention states without elaboration that Country Club lacked standing to assert its purported claim. We interpret this finding to mean that Country Club lacked standing to participate in the litigation because it had nothing to gain or to lose by the effect of the denial to intervene. A showing of only an indirect, inconsequential, or contingent interest is wholly inadequate. Faircloth v. Mr. Boston Distiller Corp., 245 So.2d 240 *940 (Fla.1970), receded from on other grounds, National Distributing Co., Inc. v. Office of Comptroller, 523 So.2d 156 (Fla.1988). Country Club had more than an indirect or inconsequential interest in this case.
Indeed, the trial court in the instant case demonstrated in its order granting partial summary judgment in favor of Oaks that Country Club stood to win or lose by the outcome of the case. The order provides that Oaks’ fee simple interest in the property is “subject to any and all rights, claims, and interest” of Club and Country Club. Further, the trial court’s determination that the property constitutes the common property of Oaks could be very detrimental to Country Club as evidenced by Oaks’ attempt to bar Country Club’s later action through the doctrines of res judica-ta and collateral estoppel. The property, once used by Country Club’s members at a fee unilaterally determined by a friendly developer who owned it, became vested by order of the trial court in a hostile association who requested in its complaint that it be declared owner free of any interest asserted by any other associations. This request was resisted in the developer’s answer and became an issue in the case. While the trial court may have fashioned the summary judgment to pave the way for a subsequent action by Club and Country Club, that is not what Oaks had requested in its complaint, and that is not what the developer had raised as an issue in its affirmative defenses. We anticipate that the very issues and evidence initially before the trial court in this case would have to be repeated again in the second case if the order denying intervention were allowed to stand. Those issues should be tried in the instant proceeding.
The denial of Country Club’s motion to intervene is reversed, and the matter is remanded to the trial court for further proceedings.
REVERSED; REMANDED.
COBB and DIAMANTIS, JJ., concur.

. The motion was made pursuant to Rule 1.230, Florida Rules of Civil Procedure, which provides: "Anyone claiming an interest in pending litigation may at any time be permitted to assert his right by intervention, but the intervention shall be in subordination to, and in recognition of, the propriety of the main proceeding, unless otherwise ordered by the court in its discretion.”

. Subsequent to entry of the final judgment, Country Club sued Huskey, Oaks, and Club for a declaratory judgment in a separate action. Oaks sought to dismiss that later action, alleging that the issues were res judicata because of the previous action, but that motion was denied. Oaks then alleged collateral estoppel as an affirmative defense.