JORGENSON, Judge.
Hartford Fire Insurance, surety for Better Construction, Inc., appeals from an order denying its motion to intervene. For the following reasons, we reverse.
*112 In January, 1994, Better Construction sued the School Board of Dade County for breach of contract and defamation arising from school construction contracts. Hartford is the surety on two construction performance and payment bonds with Better Construction as principal, and the School Board as obligee. In August, 1994, the trial court granted the School Board’s motion for leave to file a counterclaim; motion practice and discovery proceeded.
On March 25, 1995, with leave from the court, the School Board filed a third-party complaint against DNN Architects and Engineers, seeking indemnification. The pleadings were reopened, and the trial was continued. One month later, Hartford moved to intervene as a defendant.
The trial court denied the surety’s motion to intervene, and in so doing, abused its discretion. Fla.R.Civ.P. 1.230 provides that “[a]nyone claiming an interest in pending litigation may at any time be permitted to assert a right by intervention....” As surety, Hartford has an appropriate interest in the litigation arising from its contractual relationship with the parties. See, e.g., Union Cent. Life Ins. Co. v. Carlisle, 593 So.2d 505 (Fla.1992). Hartford stresses in its briefs that it does not seek to inject new issues or conflicts into the proceedings, but simply to secure a judicial determination confirming its position as surety.
Hartford’s motion was not untimely.[1] Where the litigation is still in the pleading stage, and the intervenors assure the court that their participation will not delay or disrupt the proceedings, it is an abuse of discretion to deny the motion to intervene. Sweetwater Country Club Homeowners’ Ass’n v. The Huskey Co., 613 So.2d 936 (Fla. 5th DCA 1993); see also National Wildlife Fed’n v. Glisson, 531 So.2d 996 (Fla. 1st DCA 1988) (motion to intervene not untimely where discovery still underway and pleadings still open). That is precisely the situation in this case. One month before Hartford moved to intervene the trial court had reopened the pleadings by allowing the School Board to file a third party complaint; Hartford’s intervention would not have delayed the proceedings further.
Reversed and remanded for further proceedings consistent with this opinion.

. "Most of the Florida cases denying intervention as untimely involved motions filed after final judgment was entered.” Sweetwater Country Club Homeowners' Ass’n v. The Huskey Co., 613 So.2d 936, 938 (Fla. 5th DCA 1993).