PER CURIAM.
On March 12, 1999, Bennetta Slaughter, David Slaughter, Brenda Hubert, Kurt Paine, Shirley Cage, Katie Chamberlain, Gloria Cruz, Jeff Litton, and Brian Rakes-traw (hereinafter collectively “the interve-nors”) filed a motion to intervene in the wrongful death action filed against the Church of Scientology by Dell Liebreich as personal representative of the Estate of Lisa McPherson. The intervenors sought to intervene to obtain a declaration of their constitutional privacy rights in Ms. McPherson’s “auditing” files, also known as “pre-clear” or “PC” folders. The trial court denied the motion to intervene solely on the ground that it was untimely. We reverse.
We understand the trial court’s frustration at the timing of the motion as the original request for production relating to these auditing files was filed on March 20, 1997. However, at the time the motion to intervene was filed, the pleadings in the underlying action had not been finalized, discovery was ongoing, and no trial date had been set. Florida Rule of Civil Procedure 1.230 states, “Anyone claiming an interest in pending litigation may at any time be permitted to assert a right by intervention-” In light of the mandated language, we hold that the trial court abused its discretion by denying the motion as untimely. See Hartford Fire Ins. Co. v. School Bd. of Dade County, 661 So.2d 111, 112 (Fla. 3d DCA 1995).
Accordingly, we reverse with directions to the trial court to reconsider the appellants’ motion to intervene. In so doing, this court expresses no view on the issue *375 of the appellants’ standing to intervene or on the merits of the issue of their alleged privacy interest in Ms. McPherson’s auditing files.
Reversed and remanded with directions.
CAMPBELL, A.C.J., and NORTHCUTT and SALCINES, JJ., Concur.